CHRISTOPHER WARD, CA Bar No. 238777
    cward@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE:   213.486.0065

KEVIN JACKSON, CA Bar No. 278169
    kjackson@foley.com
**FOLEY & LARDNER LLP**
11988 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130-2594
TELEPHONE: 858.847.6700
FACSIMILE:   858.792.6773

Attorneys for Defendant SELECT
REHABILITATION, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KIMYA PHILLIPS, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>SELECT REHABILITATION, LLC, a Limited Liability Company; JENNIFER HOFF, an individual; LINDSEY ALDRIDGE, an individual; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 5:21-cv-01719<br><br>**DEFENDANT SELECT REHABILITATION, LLC'S NOTICE OF REMOVAL OF ACTION 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**<br><br>FILED CONCURRENTLY WITH:<br><br>i.  DECLARATION OF CHRISTOPHER WARD;<br>ii.  DECLARATION OF TERRY KLONOWSKI;<br>iii.  CIVIL COVER SHEET;<br>iv.  DISCLOSURE STATEMENT AND CERTIFICATION AND NOTICE OF INTERESTED PARTIES; AND<br>v.  PROOF OF SERVICE |

4848-9759-3854.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendant Select Rehabilitation, LLC ("Select" or "Select") pursuant to 28 U.S.C. sections 1332, 1441 and 1446, hereby invokes this Court's jurisdiction and removes the above-captioned case, pending in San Bernardino County Superior Court, Case No. CIVSB2118420, to the United States District Court for the Central District of California - Eastern Division on the following grounds:

1.      On or around August 9, 2021, Plaintiff Kimya Phillips ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of California, County of San Bernardino, entitled "KIMYA PHILLIPS, an individual, v. SELECT REHABILITATION, LLC, a Limited Liability Company; JENNIFER HOFF, an individual; LINDSEY ALDRIDGE, an individual; and DOES 1 through 50, inclusive," Case No. CIVSB2118420 (the "Complaint").  Select received service of the Summons and Complaint on or around September 9, 2021.  (Declaration of Christopher Ward ("Ward Decl."), ¶ 2.)  Jennifer Hoff ("Hoff") and Lindsey Aldridge ("Aldridge") (collectively, the "Individual Defendants"), upon information and belief, have not yet received service of the Summons and Complaint.  A true and correct copy of Plaintiff's Complaint is attached to the Ward Decl. as **Exhibit A**.

2.      The Complaint alleges the following causes of action against Select: (1) disability discrimination; (2) associational discrimination; (3) failure to accommodate; (4) failure to engage in the interactive process; (5) retaliation under the Fair Employment and Housing Act ("FEHA"); (6) retaliation and/or unlawful denial of leave in violation of the California Family Rights Act ("CFRA"); (7) retaliation and/or unlawful denial of leave in violation of the Family Medical Leave Act ("FMLA"); (8) intentional infliction of emotional distress ("IIED"); (9) failure to prevent discrimination, harassment, and retaliation; (10) failure to pay meal and rest period compensation; (11) non-compliant wage statements; (12) waiting time penalties; (13) unfair competition; (14) unlawful deductions from wages; and (15) wrongful termination in violation of public policy.  *See generally*

DEFENDANT'S NOTICE OF REMOVAL
Case No. 5:21-cv-01719

Complaint.

3. Of the 15 Causes of Action, Plaintiff only brings one claim against the Individual Defendants—the Eighth Cause of Action for IIED. However, as a matter of law, Plaintiff cannot bring the IIED claim against either of the Individual Defendants, making it clear that Plaintiff has fraudulently joined these individuals as "sham defendants" in a clear and improper attempt to avoid diversity jurisdiction.

4. This action may be removed to this Court pursuant to 28 U.S.C. section 1441 because it is a civil action between citizens and different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. A true and correct copy of the docket in the Superior Court of California, County of San Bernardino is attached to the Ward Decl. as **Exhibit B**.

# I. THIS ACTION IS SUBJECT TO REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION BECAUSE COMPLETE DIVERSITY EXISTS

## A. Plaintiff Is A Citizen of California

5. At the time of the filing of the action and at the time of filing this Notice of Removal, Plaintiff, on information and belief, was and still is a citizen of and domiciled in California, inasmuch as Plaintiff alleges she is "a resident of the County of San Bernardino." (*See* Ward Decl., Ex. A, Complaint at ¶ 3). Plaintiff's address on file during her employment with Select is located in San Bernardino, California. (Declaration of Terry Klonowski ("Klonowski Decl."), ¶ 3.) For purposes of assessing diversity jurisdiction, Plaintiff is a citizen of the State of California. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (holding that for diversity purposes, a person is a citizen of the state in which they are domiciled); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (holding that a party's allegation of minimal diversity may be based on "information and belief").

## B. Select Is A Citizen Of Illinois

6. Select Rehabilitation, LLC is a Delaware limited liability company.

(Klonowski Decl., ¶ 2.)  It has two members – Neal Deutsch and Anna Gardina Wolfe – who are each citizens of the State of Illinois.  (*Id.*)  Mr. Deutsch resides in Highland Park, Illinois.  (*Id.*)  Ms. Wolfe resides in Long Grove, Illinois.  (*Id.*)  For purposes of diversity jurisdiction, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

### C. The Citizenship Of The Individual Defendants And The Doe Defendants Should Be Disregarded

7.    The Complaint also names Defendant Does 1 through 50.  Pursuant to 28 U.S.C. section 1441(a), the citizenship of these defendants is disregarded.  Thus, all remaining defendants have consented to removal to this Court.

8.    Plaintiff brings one claim against the Individual Defendants—the Eighth Cause of Action for IIED.  The Individual Defendants are not named as defendants on any other cause of action in the Complaint.  As demonstrated below, Plaintiff is unable to bring these as valid causes of action against the Individual Defendants, both because Plaintiff failed to meet her pleading burden and because her claim for IIED is preempted by workers compensation exclusivity as a matter of law.  As a result, their citizenship is of no consequence to the determination of complete diversity for this removal.  The addition of the Individual Defendants to the Eighth Cause of Action of the Complaint is based upon specious allegations that simply recite the elements of that claim, in a transparent effort to improperly destroy diversity jurisdiction.

### D. The Amount in Controversy Requirement Is Satisfied

8.    From the face of the Complaint, the amount in controversy in this action exceeds $75,000.00, exclusive of interests and costs.  Among other claims, Plaintiff alleges Select discriminated and retaliated against her, failed to prevent discrimination and retaliation against her in the workplace, failed to accommodate her alleged disability, failed to engage in the interactive process, wrongfully terminated her, and committed multiple wage and hour violations.  (*See generally* Complaint.)  Plaintiff seeks general, special, and

DEFENDANT'S NOTICE OF REMOVAL
Case No. 5:21-cv-01719

punitive damages, attorneys' fees and costs of suit, prejudgment and post-judgment interest according to law, post-judgment interest on all unpaid amounts, and penalties. (*See* Ward Decl., Ex. A, Complaint at Prayer for Relief.) Specifically:

        a.    Plaintiff alleges that as a result of Select's conduct, she "has suffered and will continue to suffer general and special damages, including severe and profound emotional distress and mental anguish, and past and future lost wages and benefits." (*See* Ward Decl., Ex. A, Complaint at ¶ 32.) At the time of Plaintiff's termination, Plaintiff was earning an average of $6,250 per month. (Klonowski Decl., ¶ 4.) Plaintiff's employment was terminated on May 1, 2020. (*See* Ward Decl., Ex. A, Complaint at ¶ 18; Klonowski Decl., ¶ 4.) Accordingly, her claim for lost wages alone, as of the date of removal, exclusive of any interest, amounts to approximately $106,250. (Ward Decl., ¶ 6.) Assuming a trial date of one year from the date of removal, an estimate of Plaintiff's claim for lost wages alone, from the date of her alleged termination through the time of trial, exclusive of any interest, amounts to approximately $181,250. (*Id.*) Additionally, a reasonable estimate of Plaintiff's claim for economic damages for two years of lost future wages at the time of trial, exclusive of any interest, amounts to approximately $150,000. (*Id.*) Accordingly, Plaintiff's claim for economic damages in the form of lost and future wages alone at the time of trial, exclusive of interest, totals approximately $331,250. (*Id.*)

        b.    Plaintiff also alleges that, as a result of Select's conduct, she "has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial." (*See* Ward Decl., Ex. A, Complaint at ¶¶ 42, 53, 63, 73, 83, 118, and 128.) While the exact amount of Plaintiff's alleged emotional distress damages are not currently known, based on Plaintiff's allegations, such alleged damages are far more than nominal in character.

        c.    Plaintiff also seeks to recover allegedly unpaid wages and penalties pursuant to the Tenth, Eleventh, Twelfth, and Fourteenth Causes of Action. The specific nature and amount of Plaintiff's alleged damages are not specified in the Complaint, but

DEFENDANT'S NOTICE OF REMOVAL
Case No. 5:21-cv-01719

upon information and belief, such alleged damages are far more than nominal in character.

        d.    Plaintiff also seeks exemplary and punitive damages. (*See* Ward Decl., Ex. A, Complaint at ¶¶ 43, 54, 64, 74, 86, 98, 112, 121, 129, 173, and Prayer for Relief.) California courts have indicated that punitive damages may, conservatively, be two to three times the amount of compensatory damages. *See, e.g., Bankhead v. ArvinMeritor, Inc.*, 205 Cal. App. 4th 68 (2012) (approving $4.5 million in punitive damages following a $1.85 award for compensatory damages); *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999 (2012) (approving $2.4 million in punitive damages following a jury award of $804,000 in compensatory damages). Applying a conservative 2:1 ratio, Plaintiff's claim for punitive damages, based on her claim for lost and future wages and failure to provide payroll records alone, amounts to approximately $662,500 ($331,250 x 2). (*See* Ward Decl., ¶ 6.)

        e.    Finally, Plaintiff is seeking to recover attorneys' fees in this matter, which are includable in the amount in controversy. (*See* Ward Decl., Ex. A, Complaint at ¶¶ 44, 55, 65, 75, 87, 99, 113, 122, 130, 137, 141, 166, and Prayer for Relief); *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that applying 12.5% of the total amount in controversy is a conservative estimate for attorneys' fees). The total amount in controversy, as set forth in the paragraphs above, exceeds $993,750. (Ward Decl., ¶ 6.) Accordingly, a reasonable estimate of Plaintiff's attorneys' fees is at a minimum $124,218. ($993,750 x 0.125). (*Id*. at ¶ 7.)

        f.    Based on such broad allegations and demands for damages, it is reasonable to estimate that the amount in controversy far exceeds $75,000.00.

### E.   Plaintiff's Eighth Cause of Action for IIED Fails as a Matter of Law

    9.    A claim of IIED requires "outrageous conduct," which is strictly limited to conduct that is so extreme that it exceeds the bounds of conduct typically tolerated in a civilized society. *Helgesen v. American Int'l Group, Inc.*, 44 F. Supp. 2d 1091, 1095 (S.D. Cal. 1999). The requirements of an IIED claim are "rigorous and difficult to satisfy." *See*

*Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1129 (1989) (supervisor's insulting remarks regarding employee's age and sexuality did not rise to level of "outrageous" conduct).  To prevail on an IIED claim, the defendant's actions must be "so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn v. Anbro Eng., Inc.*, 2 Cal. 3d 493, 499, fn. 5. (1970).  Here, Plaintiff's allegations fall dramatically short of pleading that the Individual Defendants (or either of them) engaged in "extreme and outrageous" conduct.   Rather, Plaintiff's Complaint merely alleges that she sent "appropriate documentation" for a leave of absence request to Hoff and Aldridge," and that "Hoff wrote Plaintiff a letter stating that Plaintiff had exhausted her time-off benefits and needed to return to work[.]" (*See* Ward Decl., Ex. A, Complaint, ¶¶ 14, 17.)  Plaintiff otherwise relies on conclusory statements that lump the Individual Defendants in with the alleged conduct of Select, without any differentiation or specification of their individual conduct, such as "Defendants' conduct was outrageous" and "Defendants intended to cause Plaintiff's emotional distress[.]" (*See, e.g.*, Ward Decl., Ex. A, Complaint at ¶¶ 115-116.)  Plaintiff merely recites the elements of a claim for IIED and attaches them to the *Defendants*, not either of the Individual Defendants.  Plaintiff does not allege any <u>facts</u> in support of this claim.

10.     Additionally, Plaintiff's Eighth Cause of Action for IIED is barred by the workers' compensation exclusivity rule and therefore cannot be alleged against Dutton as a matter of law.  The California Workers' Compensation Act unambiguously requires that compensation under the Act must be the exclusive remedy for the majority of employee injuries, both against an employer and its employees.  Cal. Labor Code § 3601.  The statute permits an employee to bring an action against another employee in only two limited situations: (1) when the employee's injury "is proximately caused by the willful and unprovoked physical act of aggression of the other employee" or (2) when the employee's injury "is proximately caused by the intoxication of the other employee." *Id.*  To maintain an action against a fellow employee under the willful and unprovoked physical act of

DEFENDANT'S NOTICE OF REMOVAL
Case No. 5:21-cv-01719

aggression exception, a plaintiff must prove the employee engaged in unprovoked conduct with the specific intent to convey "an actual, present and apparent threat of bodily injury." *Torres v. Parkhouse Tire Serv., Inc.*, 26 Cal. 4th 995, 1005 (2001); *Soares v. City of Oakland*, 9 Cal. App. 4th 1822, 1829 (1992). Plaintiff des not plead an exception to the Workers' Compensation Act's exclusivity rule, and thus, Plaintiff's Eighth Cause of Action, as it pertains to the Individual Defendants, fails as a matter of law.

10. Because Plaintiff has not and cannot sufficiently plead a claim for IIED against the Individual Defendants under the applicable pleading standards, they are plainly sham defendants with regard to this claim. *Morris*, 236 F.3d at 1067; *Ritchey*, 139 F.3d at 1318; McCabe, 811 F.2d at 1339.

## II.   THIS NOTICE OF REMOVAL IS TIMELY

9. This Notice of Removal is timely under 28 U.S.C. section 1446(b) because Plaintiff served Select with the Complaint on September 9, 2021. This removal is being filed within 30 days of service of the Complaint. *See* Fed. R. Civ. Proc. 6(a) and 26(a).

## III.   THE OTHER REQUIREMENTS FOR REMOVAL ARE MET

10. Removal to this Court is proper as the Superior Court of the State of California, County of San Bernardino, where this action was originally filed, is located within this district.

13. Select believes that the documents contained in Exhibit A to the Ward Decl. comprise the complete record of filings made in the San Bernardino County Superior Court.

14. Because Plaintiff and Select are citizens of different states and the amount is controversy is greater than $75,000.00, this Court has original jurisdiction over all causes of action alleged in this matter pursuant to the provisions of 28 U.S.C. section 1332 and the entire action may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441.

15. Pursuant to 28 U.S.C. section 1446(d), Select is filing written notice of this removal with the clerk of the Superior Court for the State of California, County of San

Bernardino.  Copies of the Notice of Removal are also being served on Plaintiff's counsel pursuant to 28 U.S.C. section 1446(d).

16.  Wherefore, Select prays that this action be removed from the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California, Eastern Division, and for such further relief as may be just and proper.

17.  This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of process, and personal jurisdiction.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

DATED:  October 11, 2021

**FOLEY & LARDNER LLP**
Christopher Ward
Kevin Jackson


*/s/ Christopher Ward*
Christopher Ward
Attorneys for Defendant SELECT
REHABILITATION, LLC

4848-9759-3854.1