Nicol E. Hajjar, Esq. (SBN 303102)
nicol@wilshirelawfirm.com
Nathan Kingery, Esq. (SBN 309920)
nkingery@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989

Attorneys for Plaintiff,
KIMYA PHILLIPS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMYA PHILLIPS, an individual, | CASE NO.: 5:21-cv-01719-JWH-SP |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES:** |
| vs. | |
| SELECT REHABILITATION, LLC, a Limited Liability Company; JENNIFER HOFF, an individual; LINDSEY ALDRIDGE, an individual; CESAR CIRUELA, an individual; and DOES 1 through 50, inclusive, | 1. **DISCRIMINATION ON THE BASIS OF DISABILITY (GOV'T. CODE § 12940 et seq.);** |
| | 2. **DISABILITY-BASED ASSOCIATIONAL DISCRIMINATION (GOV'T CODE § 12926 (O));** |
| Defendants. | 3. **FAILURE TO ACCOMMODATE DISABILITY (GOV'T. CODE § 12940 (m));** |
| | 4. **FAILURE TO ENGAGE IN TIMELY, GOOD-FAITH, INTERACTIVE PROCESS (GOV'T. CODE § 12940 (n));** |
| | 5. **RETALIATION IN VIOLATION OF FEHA;** |

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

6. **RETALIATION AND/OR UNLAWFUL DENIAL OF LEAVE IN VIOLATION OF CFRA, GOV'T. CODE §12945.2 ET SEQ.;**

7. **RETALIATION AND/OR UNLAWFUL DENIAL OF LEAVE IN VIOLATION OF FMLA, CODE OF FEDERAL REGULATIONS § 825 ET SEQ.;**

8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

9. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION;**

10. **FAILURE TO PAY MEAL AND REST   PERIOD COMPENSATION (LABOR CODE § 226.7);**

11. **NON-COMPLIANT WAGE STATEMENTS (LABOR CODE § 226);**

12. **WAITING TIME PENALTIES (LABOR CODE §§ 201, 203);**

13. **UNFAIR COMPETITION (BPC § 17200 ET SEQ.)**

14. **UNLAWFUL DEDUCTIONS FROM WAGES (LABOR CODE §§ 221 AND 223);**

15. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (GOV'T. CODE § 12900 ET SEQ.);**

16. **FAILURE TO PRODUCE PERSONNELAND PAYROLL RECORDS (LABOR CODE §§ 226 & 1198.5);**

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

**17.HARRASSMENT – HOSTILE WORKPLACE ENVIRONMENT (Gov. Code §§ 12940 (a) and 12926 (o));**

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, KIMYA PHILLIPS, who respectfully alleges the following:

## I.

## GENERAL ALLEGATIONS

1.      This is an action for Violations of California law against SELECT REHABILITATION, LLC, JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA by and through their respective sole proprietors, owners, shareholders, officers, directors, members, managing agents, alter egos, and DOES 1 THROUGH 50, inclusive (collectively, "Defendants"), for: (1) discrimination on the basis of disability; (2) discrimination on the basis of association with a disabled person(s) (3) failure to accommodate disability; (4) failure to engage in timely, good-faith, interactive process; (5) retaliation in Violation of FEHA; (6) retaliation and/or unlawful denial of CFRA leave; (7) retaliation and/or unlawful denial of FMLA leave; (8) intentional infliction of emotional distress; (9) failure to prevent discrimination, harassment, and retaliation in Violation of FEHA; (10) Failure to Pay Meal and Rest Period Compensation; (11) Non-Compliant Wage Statements; (12) Failure to Pay Wages in a Timely Manner (Waiting Time Penalties); (13) Unfair Competition; and (14) Unlawful Deduction of Wages; (15) wrongful termination in Violation of California public policy; (16) failure to produce personnel and payroll records; and (17) harassment – hostile workplace environment.

FIRST AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

2.      Venue is proper in this Court because Plaintiff is informed and believes that at all times relevant to this action, all Defendants, and/or Does 1 through 50, inclusive, had their principal place of business and were doing business in SAN BERNARDINO County, California; Defendants employed Plaintiff in SAN BERNARDINO County; Plaintiff worked in SAN BERNARDINO County throughout her employment with Defendants; Defendants' relevant actions herein alleged occurred in SAN BERNARDINO County; witnesses reside in SAN BERNARDINO County; and Defendants' relevant records are maintained and administered in SAN BERNARDINO County.

## II.

## THE PARTIES

3.      At all relevant times, Plaintiff KIMYA PHILLIPS ("Plaintiff" or "PHILLIPS") is and was an individual over the age of 18 and a resident of the County of SAN BERNARDINO, State of California.

4.      Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant SELECT REHABILITATION, LLC (hereinafter, "SELECT", or collectively with co-Defendants, "Defendants") was and is a corporation or other business entity authorized to do business in SAN BERNARDINO County, California, and was and is doing business in SAN BERNARDINO County.

5.      Plaintiff is informed and believes and thereon alleges that Defendant JENNIFER HOFF (hereinafter, "HOFF", or collectively with co-Defendants, "Defendants") is, and at all times mentioned in this Complaint was, employed by SELECT, and was and is a resident of SAN BERNARDINO County, California. At all relevant times, Defendant HOFF occupied a managerial position at SELECT, had direct supervisory authority over Plaintiff, and/or exercised supervisory authority over Plaintiff within the scope of Defendant HOFF'S employment and authority.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

6.     Plaintiff is informed and believes and thereon alleges that Defendant LINDSEY ALDRIDGE (hereinafter, "ALDRIDGE", or collectively with co-Defendants, "Defendants") is, and at all times mentioned in this Complaint was, employed by SELECT, and was and is a resident of SAN BERNARDINO County, California. At all relevant times, Defendant ALDRIDGE occupied a managerial position at SELECT, had direct supervisory authority over Plaintiff, and/or exercised supervisory authority over Plaintiff within the scope of Defendant ALDRIDGE'S employment and authority.

7.     Plaintiff is informed and believes and thereon alleges that Defendant CESAR CIRUELA (hereinafter, "CIRUELA", or collectively with co-Defendants, "Defendants") is, and at all times mentioned in this Complaint was, employed by SELECT, and was and is a resident of SAN BERNARDINO County, California. At all relevant times, Defendant CIRUELA occupied a managerial position at SELECT, had direct supervisory authority over Plaintiff, and/or exercised supervisory authority over Plaintiff within the scope of Defendant ALDRIDGE'S employment and authority.

8.     Plaintiff is informed and believes and thereon alleges that all events relevant to this Complaint occurred in SAN BERNARDINO County, California. Plaintiff is further informed and believes that witnesses to the events described herein were and are residents of SAN BERNARDINO County, California.

9.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for all occurrences herein alleged including the named Defendants' discriminatory, harassing, retaliatory, and other illegal acts, and that Plaintiff's damages alleged herein are proximately caused by these Defendants.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

10.    Plaintiff is informed and believes and thereon alleges that at all relevant times, all Defendants, including Defendants sued herein as Does 1 through 50, were agents, employees, and/or joint venturers of the other Defendants, or were otherwise working in concert with the other Defendants, and were acting within the course and scope of such agency, employment, joint venture, and/or concerted activity. The herein alleged acts and omissions perpetrated by any single Defendant, or any group of Defendants, and their agents, were confirmed and ratified by all other Defendants, both individually and collectively.

11.    At all relevant times, Defendants SELECT, JENNIFER HOFF, LINDSEY ALDRIDGE, CESAR CIRUELA, and Does 1 through 50, and each of them, were the agents, servants, and alter-egos of each other, and as such, the acts and omissions of one Defendant are considered the acts and omissions of all Defendants.  Plaintiff is informed and believes and thereon alleges that there is such unity of interests and ownership between these Defendants that separate status no longer exists, and that observance of the fiction of separate existence among these Defendants would sanction fraud and promote injustice.

12.    Whenever and wherever reference is made in this Complaint to any act or failure to act by any single Defendant or any group of Defendants, such reference shall also be deemed to mean the acts and failures to act of each Defendant, and all Defendants, acting individually, jointly, and severally.

13.    Whenever and wherever reference is made to individuals who are not named as Plaintiffs or Defendants in this Complaint but were agents, servants, employees, and/or supervisors of Defendants, such individuals, at all relevant times, acted on behalf of named and Doe Defendants within the scope of their employment and authority.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

# III.

# **FACTUAL ALLEGATIONS**

14.    In or about November of 2019 Defendants hired Plaintiff KIMYA PHILLIPS ("Plaintiff") as a Physical Therapist Assistant. As a full-time employee, Plaintiff performed all her job duties satisfactorily until she was wrongfully terminated on or about May 1, 2020.

15.    On or about March 25, 2020, Plaintiff went on a medical leave of absence until April 23, 2020, due to her status as a caretaker for her immunocompromised mother and grandmother. Plaintiff submitted all appropriate documentation to Defendants HOFF and ALDRIDGE.

16.    Both Plaintiff's mother, and grandmother passed away causing Plaintiff immense stress, anxiety, and depression, among other things. Due to her medical conditions, Plaintiff's physician placed her on further medical leave until May 16, 2020.

17.    On or about April 22, 2020, Plaintiff submitted all appropriate documentation to Defendants.

18.    Following Plaintiff's medical leave extension, HOFF wrote Plaintiff a letter stating that Plaintiff had exhausted all of her *time-off* benefits and needed to return to work by May 1, 2020, despite still being on a medically required leave of absence. This further aggravated Plaintiff's stress, anxiety and depression, among other things.

19.    Throughout Plaintiff's employment with Defendants, Defendants HOFF, ALDRIDGE, and CIRUELA made it a practice to harass Plaintiff.

20.    On May 1, 2020, Defendants wrongfully terminated Plaintiff's employment.

21.    No representative of any Defendant herein ever engaged in an interactive dialogue with Plaintiff regarding ways to accommodate her disability. Instead, Plaintiff's employment was wrongfully terminated, without any

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

7

interactive process, because of, among other things: (1) her objection to her wrongful and discriminatory treatment based on her disability status; (2) her objection to her wrongful and discriminatory harassment; (3) her request for reasonable accommodation; (4) her disability; and (5) her association with a disabled person — all of which are protected categories and activities under the Fair Employment & Housing Act ("FEHA"). These were all motivating factors in Defendants' decision to discharge Plaintiff effective May 1, 2020.

22.    At all times relevant hereto, Plaintiff was a non-exempt employee under California law and was subject to the California Labor Code and Wage Order requirements. During the relevant period, and due to the nature of Plaintiff's job duties, Plaintiff's legally mandated thirty (30)-minute uninterrupted meal break was frequently short, late, interrupted, or missed.  In addition, Plaintiff rarely had the opportunity to take a full, timely, uninterrupted ten (10)-minute rest period.

23.    Plaintiff never received the one (1) hour of pay Plaintiff was entitled to for each of Defendants' meal break violations and rest period violations.

24.    At all times relevant hereto, Plaintiff regularly worked more than eight hours per day and/or more than forty hours per week.

25.    At all times relevant hereto, Plaintiff was not exempt pursuant to Labor Code and Wage Order requirements, including payment of overtime compensation. Despite this, Defendants failed to pay overtime compensation.

26.    Defendants failed to pay Plaintiff's wages at the time the wages became due and payable, and Defendants failed to pay such overdue wages at the time of Plaintiff's discharge.

27.    Moreover, due to Defendants' failure to provide meal and rest period premiums and wages, Defendants failed to provide Plaintiff with compliant wage statements.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

28.    Additionally, Defendants' policies and practices of failing to provide accurate itemized wage statements, timely pay all wages owed, and provide duty-free meal periods, as set forth above, violate the Unfair Competition Law.

29.    During the relevant time period, Defendants subjected Plaintiff to discrimination, harassment, and retaliation by, among other things, violating her physical autonomy, altering the conditions of Plaintiff's employment through harassment, verbal abuse, refusing to provide reasonable accommodation, and refusing to engage in a timely, good-faith, interactive process, despite full awareness of Plaintiff's disability.

30.    At all relevant times, Defendants failed to properly engage in a timely, good-faith, interactive process to ascertain what reasonable accommodation could be provided to Plaintiff in view of her association with a disabled person, medical conditions and disability, so that Plaintiff could continue performing her essential job duties.

31.    At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of her position or another position with reasonable accommodation.

32.    Plaintiff's termination from employment was substantially motivated by Plaintiff's association with a disabled person, and disability, without any discussion of accommodation or any good-faith attempt to engage in an interactive process with Plaintiff.  Defendants' discriminatory animus is evident and amply demonstrated by the above facts.

33.    Therefore, Defendants discriminated against, harassed, and retaliated against Plaintiff on the basis of Plaintiff's association with a disabled person, disability, and/or Plaintiff's protected activities, which included, without limitation, requesting reasonable accommodation and complaining about discrimination, and harassment.

FIRST AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

34.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound emotional distress and mental anguish, and past and future lost wages and benefits.

35.    Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors, and/or managing agents, including but not limited to JENNIFER HOFF, LINDSEY ALDRIDGE, CESAR CIRUELA, and those identified herein as DOES 1 through 50, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants.  The aforementioned conduct of said managing agents and individuals was, therefore, undertaken on behalf of Defendants, who further had advance knowledge of the actions and conduct of said individuals.   Such actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and who are, therefore, designated herein as DOES 1 through 50, inclusive.

## IV.

## FIRST CAUSE OF ACTION

**Employment Discrimination Based on Disability – Violation of Fair Employment and Housing Act**

(Government Code § 12940 et seq.)

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

36.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

37.    At all relevant times, FEHA, Government Code section 12940 et seq., was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from discriminating against any employee based on disability (including actual, perceived, and history of).  Within the time provided by law,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

38.   Plaintiff is informed and believes and thereon alleges that Plaintiff's disability was a motivating factor in Defendants' wrongdoing, which included, without limitation, the following: (1) Defendants' refusal to reasonably accommodate Plaintiff's disability; (2) Defendants' failure to engage in a timely, good-faith, interactive process with Plaintiff to determine whether reasonable accommodation could be provided for her disability; and (3) terminating Plaintiff's employment due to Plaintiff's disability.

39.   At all relevant times, Plaintiff was an individual with a disability within the meaning of Government Code § 12926 (m).  Additionally, at all relevant times, Plaintiff was willing, able, and qualified to perform the duties and functions of the position in which she was employed and/or trained, or could have performed the duties and functions of that position with reasonable accommodation.  At no time would Plaintiff's performance of the functions of the employment position, with reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff or any other person's health or safety.  Reasonable accommodation of Plaintiff's disability would not have imposed an undue hardship on Defendants.

40.   Defendants' acts and omissions, including terminating Plaintiff's employment, constitute unlawful and discriminatory employment practices on account of Plaintiff's physical disability, in Violation of Government Code § 12900 et seq.

41.   As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

42.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

43.     As a further direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

44.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

45.     The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner, with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294.    Defendants' decision to terminate Plaintiff's employment based on Plaintiff's disability was reached and implemented with intent to injure Plaintiff and with intent to prevent the exercise of Plaintiff's statutory rights.  Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above- alleged conduct was unlawful and occurring but

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

46.    Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

**Employment Discrimination Based on Association with a Person Having a Disability or Perceived Disability – Violation of Fair Employment and Housing Act**

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

47.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

48.    At all relevant times, FEHA, Government Code section 12940 et seq., was in full force and effect and binding on Defendants.  This statute requires Defendants to refrain from discriminating against any employee based on, among other things, disability (including actual, perceived, and history of). In law, disability includes association with a person who has, or is perceived to have, a disability (Government Code, section 12926(o)). Within the time provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements, and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

49.    After learning that Plaintiff was the caretaker of his seriously ill mother, Defendants considered Plaintiff to be disabled and/or associated with a person who has a disability or perceived disability.

50.    Plaintiff is informed and believes and thereon alleges that Plaintiff's disability and/or associational disability were motivating factors in Defendants' wrongdoing in this case. This includes that, among other things, (1) Defendants

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

feared that Plaintiff could also develop his mother's disability or perceived disability, and that (2) Defendants singled out Plaintiff for closer scrutiny on attendance and daily activities after learning that Plaintiff had a disability and/or medical condition(s) and was his mother's caretaker.

51.    Defendants' acts and omissions, including terminating Plaintiff's employment, constitute unlawful and discriminatory employment practices on account of Plaintiff's disability and/or associational disability based on being the caretaker of his seriously ill mother, in violation of Government Code § 12900 et seq.

52.    As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

53.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

54.    As a further direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

55.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

56.    The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294.    Defendants' decision to terminate Plaintiff's employment based on Plaintiff's disability and/or associational disability was reached and implemented with intent to injure Plaintiff and with intent to prevent the exercise of Plaintiff's statutory rights.    Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above- alleged conduct was unlawful and occurring, but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

57.    Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

**Failure to Accommodate Disability or Perceived Disability- Violation of The Fair Employment and Housing Act**

(Government Code § 12940 et seq.)

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

58.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

59.    At all relevant times, FEHA, Government Code sections 12940 (a) and 12940 (m), was in full force and effect and was binding on Defendants.  This

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

statute requires Defendants to provide reasonable accommodation to known disabled employees. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

60. At all relevant times, Defendants were fully aware of Plaintiff's disability. Plaintiff attempted to obtain reasonable accommodation from Defendants for her disability. Defendants, through their owners, managers, employees, and agents, refused to provide Plaintiff with reasonable accommodation and refused to engage in any meaningful discussion to determine if Plaintiff could be reasonably accommodated.

61. Defendants' discriminatory and retaliatory actions against Plaintiff, as alleged above, constitute unlawful discrimination in employment on account of Plaintiff's disability, in Violation of the Fair Employment and Housing Act, because Defendants failed to reasonably accommodate Plaintiff's disability despite full awareness thereof and despite being repeatedly requested to provide reasonable accommodation (Government Code Section 12940 (m)).

62. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

63. As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

16

FIRST AMENDED COMPLAINT FOR DAMAGES

64.    As a further direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions as alleged herein.  Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.

65.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

66.    The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner, with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294.  Defendants' decision to refuse to accommodate Plaintiff's disability was reached and implemented with intent to injure Plaintiff and with intent to prevent the exercise of her statutory rights.  Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above-alleged conduct was unlawful and occurring but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

67.    Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## **FOURTH CAUSE OF ACTION**

**Failure to Engage in A Timely, Good-Faith, Interactive Process**

(Government Code § 12940 (n))

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE,*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*and CESAR CIRUELA]*

68.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

69.    At all relevant times, FEHA, Government Code section 12940(n), was in full force and effect and was binding on Defendants.  This statute requires Defendants to engage in a timely, good-faith, interactive process with an employee who has a known disability or known medical condition and who has requested reasonable accommodation therefor, to determine whether effective reasonable accommodation could be provided.  Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

70.    At all relevant times, Defendants knew that Plaintiff had a disability, and Plaintiff attempted to obtain from Defendants reasonable accommodation for Plaintiff's disability.  Defendants, through their employees and agents, failed to adequately and timely respond to Plaintiff's requests for reasonable accommodation and refused to engage in any meaningful discussion to determine whether Plaintiff could be provided with reasonable accommodation.

71.    Defendants refused and failed to engage in a timely and adequate good-faith interactive process with Plaintiff to determine an effective reasonable accommodation in response to Plaintiff's request for reasonable accommodation, in Violation of Government Code § 12940 (n).

72.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

73.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

74.    As a further direct, foreseeable, and proximate result of Defendants' discriminatory, retaliatory, and wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' discriminatory, retaliatory, and wrongful actions as alleged herein.  Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

75.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

76.    The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner, with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294.  Defendants' failure to engage in a timely, good-faith, interactive process with Plaintiff despite full awareness of Plaintiff's disability was done with intent to injure Plaintiff and with intent to prevent the exercise of Plaintiff's statutory rights.  Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above- alleged conduct was unlawful and occurring

but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

77.    Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of FEHA

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

78.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

79.    At all relevant times, FEHA was in full force and effect and was binding on Defendants.    This statute requires Defendants to refrain from discriminating against, harassing, and retaliating against any employee based on, among other things, age, race, religion, disability, national origin, sex, gender, requesting disability-related accommodation, and protesting any harassing and discriminatory conduct.    Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

80.    Plaintiff engaged in the protected activities of requesting disability-related accommodations from Defendants and protesting Defendants' harassing and discriminatory conduct towards Plaintiff based upon Plaintiff's and disability and association with a disabled person(s).

81.    Plaintiff is informed and believes and thereon alleges that Plaintiff's acts of requesting accommodation and protesting Defendants' harassing and discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in Defendants' decisions to subject Plaintiff to the aforementioned adverse employment actions.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

82.    After Plaintiff informed Defendants of Plaintiff's disability and protested the harassment and discrimination she experienced based on her disability and association with a disabled person, Plaintiff was subjected to retaliation by Defendants.

83.    Plaintiff is informed and believes and thereon alleges that Defendants' retaliatory conduct against Plaintiff was motivated by Plaintiff's complaint about the harassment and discrimination she suffered and by Plaintiff's disability and request for disability-related accommodations.

84.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff's employment for attempting to exercise Plaintiff's protected rights, as set forth above.

85.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

86.    As a further direct, foreseeable, and proximate result of Defendants' wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' retaliatory actions as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.  Such damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

87.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

88.    The above-described acts of Defendants were committed by and through their managing agents, officers, or directors.   Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights.   Such acts were despicable, and constitute malice, fraud, and/or oppression within the meaning of Civil Code section § 3294.   Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

89.    Under the Fair Employment and Housing Act, Plaintiff is entitled to a reasonable award of attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### For Retaliation and/or Unlawful Denial of Leave in Violation of Gov't Code §12945.2 et seq.

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

90.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

91.    At all relevant times, the California Family Rights Act ("CFRA"), codified by Government Code §12945.2 et seq., was in full force and effect and binding upon Defendants and each of them.   Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition.   Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

attempted to exercise his or her right to take protected family care and medical leave under the CFRA.  Furthermore, it is an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

92.    At all relevant times, Plaintiff was an employee eligible for CFRA leave.  At all relevant times, Plaintiff had been employed by Defendants for more than 12 months, and Plaintiff had worked at least 1,250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

93.    Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

94.    Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected family care and medical leave under the CFRA.

95.    Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected family care and medical leave under the CFRA, and by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

96.    Plaintiff suffered the adverse employment actions of, among other things, unlawful harassment, discrimination, retaliation, and termination from employment.

97.    Plaintiff is informed and believes and thereon alleges that exercising or attempting to exercise Plaintiff's right to family care and medical leave was a motivating reason and/or factor in Defendants' decisions to subject Plaintiff to the aforementioned adverse employment actions.

98.    The abovesaid acts of Defendants constitute violations of the CFRA and proximately caused Plaintiff's damages as herein alleged.

99.    The damage allegations set forth above, inclusive, are herein incorporated by reference.

100.    The foregoing conduct of Defendants individually, or by and through their officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff, or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

101.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorney's fees and costs.

## SEVENTH CAUSE OF ACTION

**For Retaliation and/or Unlawful Denial of Leave in Violation of Family and Medical Leave Act, Code of Federal Regulations § 825 Et Seq.**

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

102.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraph.

103.    At all relevant times, the Family and Medical Leave Act ("FMLA"), codified by the Code of Federal Regulations §825 et seq., was in full force and effect and binding upon Defendants and each of them.

104.    At all relevant times, Plaintiff was employed with Defendants for more than 12 months, and worked 1,250 hours during the 12-month period before his employment was terminated.

FIRST AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

105.   Plaintiff is informed and believes and thereon alleges that Defendants employed 50 or more employees within 75 miles of the worksite at which Plaintiff was employed.

106.   The FMLA and other applicable provisions make it unlawful for any employer to deny employees family care and medical leave to care for their own serious medical condition and/or other qualifying reason for taking a medical leave.

107.   Plaintiff asserted this right by providing Defendants with reasonable notice of his serious medical condition or disability and/or other qualifying reason for family care and medical leave, and requested leave to, among other things, attend medical appointments.

108.   Defendants denied Plaintiff FMLA leave and/or retaliated against Plaintiff for requesting and/or taking it.

109.   Defendants terminated Plaintiff's employment because Plaintiff requested FMLA leave and/or took time off to recuperate from his medical condition or disability.

110.   As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

111.   As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in an amount to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

112.    As a further direct, foreseeable, and proximate result of Defendants' discriminatory, retaliatory, and wrongful actions against Plaintiff, Plaintiff suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money he would have received but for Defendants' discriminatory and/or retaliatory actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

113.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

114.    The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294. Defendants' decision to terminate Plaintiff's employment because of Plaintiff's request for and/or attempt to take FMLA leave was done with intent to injure Plaintiff and with intent to prevent the exercise of his statutory rights. Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above-alleged conduct was unlawful and occurring, but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

#### *[Against All Defendants]*

115.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

116.    Defendants' conduct towards Plaintiff, as described herein, was outrageous and extreme.

117.    Defendant's conduct was outrageous because it goes beyond all possible bounds of decency.    Defendants' conduct was outrageous because a reasonable person would regard the conduct as intolerable in a civilized community.

118.    Defendants intended to cause Plaintiff's emotional distress or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

119.    Defendants knew that emotional distress would probably result from Defendants' conduct or Defendants gave little or no thought to the probable effects of their conduct.

120.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damages in an amount to be proven at time of trial.

121.    Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

122.    The acts and/or omissions of Defendants, and each of them, caused Plaintiff to suffer harm and economic damages, in an amount to be proven at time of trial.

123.    The above-described acts of Defendants were taken by and through their managing agents, officers or directors. Further, such conduct was engaged in through a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff's and his rights. Such acts were despicable, and constitute malice, fraud, and/or oppression within the meaning of Civil Code section § 3294. Accordingly, Plaintiff is entitled

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

to an assessment of punitive damages against Defendants, in an amount to be proven at time of trial.

## NINTH CAUSE OF ACTION

### Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

124.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

125.   At all relevant times, FEHA was in full force and effect and was binding on Defendants.  This statute requires Defendants to refrain from discriminating against, harassing, and retaliating against any employee based on, among other things, age, religion, race, national origin, and disability.  Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter (ATTACHED AS EXHIBIT A).

126.   Plaintiff was subjected to discrimination, harassment, and retaliation due to Plaintiff's disability, association with a disabled person, her requesting reasonable accommodation, and her protesting Defendants' unlawful conduct.

127.   Defendants failed to take reasonable steps to prevent the discrimination, harassment, and retaliation Plaintiff was subjected to despite Defendants' full awareness thereof. Instead, Defendants terminated Plaintiff's employment based on Plaintiff's disability, association with a disabled person, and her engaging in protected activities.

128.   As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

substantial general damages and emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

129.    As a further direct and proximate result of Defendants' wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' unlawful conduct as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.  Such damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

130.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

131.    The above-described acts of Defendants were committed by and through their managing agents, officers, or directors.  Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights.  Such acts are despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

132.    Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## **TENTH CAUSE OF ACTION**

### **Failure to Pay Meal and Rest Period Compensation**

(California Labor Code §§ 226.7 and 512)

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

133.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

134.   Plaintiff regularly worked in excess of five (5) hours a day without receiving a timely and uninterrupted meal period in which he was relieved of all duties, as required by *California Labor Code* §§ 226.7 and 512 and all applicable Wage Orders.  Defendants failed and refused to compensate Plaintiff for these missed, untimely, or interrupted meal periods, in accordance with the premium compensation mandated by *California Labor Code* §§ 226.7 and 512 and all applicable Wage Orders.

135.   Plaintiff regularly worked in excess of four (4) hours or a fraction thereof each workday without being provided with at least a ten-minute rest period during which he was relieved of all duties, as required by *California Labor Code* §§ 226.7 and 512 and all applicable Wage Orders.  Defendants failed and refused to compensate Plaintiff for these missed, untimely, or interrupted rest periods, in accordance with the premium compensation mandated by *California Labor Code* §§ 226.7 and 512 and all applicable Wage Orders.

136.   *California Labor Code* § 226.7 and the applicable Wage Order require that employee meal periods must be provided no later than the end of an employee's fifth hour of work.  A second meal period must also be provided no later than the end of an employee's 10th hour of work.

137.   *California Labor Code* § 226.7 and the applicable Wage Order also establish that employees are entitled to 10 minutes of rest for shifts of three and one-half to six hours in length, 20 minutes of rest for shifts of greater than six hours up to 10 hours, 30 minutes of rest for shifts of more than 10 hours up to 14 hours, and so on.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

138.    *California Labor Code* § 226.7 outlines the following penalty for failing to provide meal or rest periods: "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."  Therefore, if an employer fails to provide both meal and rest periods, the penalty would be two (2) additional hours of pay per workday.

139.    By failing to provide meal and rest periods, Defendants deprived Plaintiff of his statutory rights, and by refusing to pay Plaintiff the additional wages required for such violations, Defendants deprived Plaintiff of his rightfully earned compensation. As a direct, legal, and proximate result of Defendants' improper conduct, Plaintiff has been harmed and is entitled to recover such amounts, plus interest thereon, attorney's fees and costs, plus statutory and civil penalties, pursuant to *California Labor Code* § 558 and other applicable laws and regulations.

## ELEVENTH CAUSE OF ACTION

### Non-Compliant Wage Statements

(*California Labor Code* §§ 226 and 226.3)

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

140.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

141.    Pursuant to *California Labor Code* § 226(a), on a bi-weekly basis, or at the time of payment of wages, Defendants are required to furnish each of their employees with an accurate itemized statement, in writing, showing, *inter alia*, (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer, the rate of pay and the total hours worked for each temporary services assignment.

142.    At all relevant times, Defendants intentionally failed to furnish Plaintiff with an itemized statement in writing showing the true number of hours worked and other aforementioned requirements. Defendants failed to provide Plaintiff with the opportunity to take legally mandated rest periods, or to pay Plaintiff one hour of wages as compensation for each rest period not provided in accordance with California law.  As a result, Defendants failed to furnish Plaintiff with an itemized statement in writing showing that Plaintiff had earned one additional hour of pay for each workday that a rest period is not properly provided.

143.    As a direct, legal, and proximate result of Defendants' improper conduct, Plaintiff has been harmed. Further, Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally failed to provide Plaintiff with accurate itemized wage statements pursuant to *California Labor Code* § 226(a) in order to conceal their liability from Plaintiff. Pursuant to *California Labor Code* § 226(e), employees (such as Plaintiff) who suffer injury as a result of a knowing and intentional failure by an employer to comply with the provisions of *California Labor Code* § 226(a) are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

dollars ($4,000), and are entitled to costs and reasonable attorney's fees. Accordingly, Plaintiff is entitled to damages for the harm suffered herein.

## TWELFTH CAUSE OF ACTION

**Failure to Pay Wages in a Timely Manner (Waiting Time Penalties)**

(*California Labor Code* §§ 201 and 203 *et seq.*)

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

144.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

145.   *California Labor Code* § 201 provides in relevant part: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

146.   *California Labor Code* § 203 provides in relevant part: "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

147.   As alleged herein, Defendants failed to pay the wages of Plaintiff, a former employee of Defendants, at the time the wages became due and payable. Further, Defendants failed to pay such overdue wages at the time of discharge. Thus, Defendants violated *California Labor Code* §§ 201 and 203.

148.   Defendants' failure to pay wages as alleged herein was willful as Defendants knew that Plaintiff did not receive all earned pay based on at least the following: (1) Defendants willfully refused to pay Plaintiff for all the time he worked; and (2) Plaintiff was not paid an hour's worth of wages for each missed

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

or interrupted meal and rest period that was not provided as required by *California Labor Code* § 226.7 and the applicable Wage Orders.

149.    As a direct, legal, and proximate result of Defendants' wrongful, knowing, and willful conduct, Plaintiff has been harmed and is entitled to recover, pursuant to *California Labor Code* § 203, continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced, up to 30 days.

## THIRTEENTH CAUSE OF ACTION

### Unfair Competition

(*Business & Professions Code* § 17200 *et seq.*)

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

150.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

151.    *California Business and Professions Code* § 17200 *et seq.* (the "UCL") prohibits unfair competition, including but not limited to any unlawful, unfair, or fraudulent business practices.

152.    *California Labor Code* § 90.5(a) provides that it is the public policy of the State of California to vigorously enforce labor standards in order to ensure that employees are not required to work under substandard unlawful conditions, and to protect employers who comply with the law from those (such as Defendants) who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

153.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of *California Business and Professions Code* § 17200.  Due to their unfair and unlawful business practices in violation of the California Fair Employment and Housing Act, Defendants have gained a

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

34

competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to, among other things, employ individuals regardless of their age, race, national origin, disability, and other protected status, as well as to provide reasonable disability-related accommodation to known disabled employees, or at a minimum, to engage in a timely, good-faith, interactive process to determine whether such reasonable accommodation could be provided.

154.    Moreover, Defendants' policies and practices of failing to pay the legally required wages, failing to provide duty-free meal and/or rest periods, failing to provide compliant wage statements, and failing to timely pay all wages owed, as set forth above, violate the UCL in that:

    a.  These are unlawful business practices by definition;

    b.  Defendants' practices are unethical, unscrupulous, and substantially injurious to consumers.  The harm to Plaintiff and to members of the general public outweighs the utility, if any, of Defendants' practices; and

    c.  Defendants' practices have misled Plaintiff and members of the general public.

155.    The unlawful, unfair, and fraudulent business practices of Defendants, as described above, present a continuing threat to the public in that consumers throughout California have suffered and continue to suffer an injury in fact and lost money as a result of Defendants' unlawful, unfair, and fraudulent acts or practices. In addition, Defendants have been unjustly enriched as a result of their conduct. Plaintiff and members of the general public have no other adequate remedy in law in that absent equitable relief from the Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a multiplicity of judicial proceedings.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

156.    As a direct, legal, and proximate result of the above-described actions by Defendants, individually and collectively, Plaintiff has suffered and will continue to suffer special and general damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

157.    Plaintiff is entitled to restitution of monies owed to him during the relevant time period as a result of Defendants' unlawful, unfair, and fraudulent conduct, and to injunctive relief.

158.    Plaintiff is entitled to restitution of the unpaid amounts, as an equitable remedy, and interest at the rate of ten percent per annum, costs of suit, and reasonable attorney's fees pursuant to the underlying claims as alleged herein.

159.    Pursuant to *California Business and Professions Code* § 17203, this Court may order paid the full amounts wrongfully retained by Defendants to Plaintiff, for the time period of his employment and continuing thereafter.  Plaintiff will, upon leave of Court, amend this Complaint to specifically allege such wrongfully retained amounts when they are ascertained.

160.    Further, injunctive relief is necessary and appropriate to prevent Defendants from repeating the wrongful business practices alleged herein.

161.    Plaintiff's success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiff sues on behalf of the public as well. Plaintiff seeks and is entitled to monies owed and unpaid, an injunction, an equitable accounting, and all other equitable relief required to remedy Defendants' failure to pay the required monies.

## **FOURTEENTH CAUSE OF ACTION**

### **Unlawful Deductions from Wages**

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

162.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

163.   California Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

164.   California Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

165.   These and other related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

166.   Defendants have violated the California Labor Code by unlawfully taking deductions from the compensation of Plaintiff to cover certain ordinary business expenses of Defendants, including the reimbursement of Plaintiff's expenses.

167.   Because Defendants took unlawful deductions from the compensation of Plaintiff, Defendants are liable to Plaintiff for the compensation that should have been paid but for the unlawful deductions, pursuant to California Labor Code §§ 221 and 223.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

168.    By unlawfully deducting wages and failing to pay Plaintiff, Defendants are also liable for penalties, reasonable attorney's fees, and costs under California Labor Code §§ 218.5 and 1194.

## FIFTEENTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

169.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

170.    Plaintiff's employment was terminated in retaliation for Plaintiff's complaints about Defendants' unlawful conduct in the form of, among other things, harassment, disability discrimination, gender discrimination, and retaliation. Accordingly, said termination violated fundamental public policies of the State of California.

171.    In engaging in the conduct set forth above, Defendants illegally terminated Plaintiff's employment.

172.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

173.    As a further direct, foreseeable, and proximate result of Defendants' wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' wrongful conduct as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.  Such damages are in

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

174.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

175.    The above-described acts of Defendants were committed by and through their managing agents, officers, or directors.   Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner, with intent to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights.   Such acts are despicable and constitute malice, fraud, and /or oppression within the meaning of Civil Code § 3294.   Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

## SIXTEEN CAUSE OF ACTION

### Failure to Permit Inspection of Personnel and Payroll Records

(Labor Code §§ 226 and 1198.5)

*[Against All Defendants except for JENNIFER HOFF, LINDSEY ALDRIDGE, and CESAR CIRUELA]*

176.    Plaintiff incorporates herein by reference, as though full set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

177.    Labor Code §1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records. An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

178. Plaintiff properly requested that Defendants produce to Plaintiff, Plaintiff's personnel, and payroll documents pursuant to Labor Code §§ 1198.5.

179. Defendants failed to permit Plaintiff's inspection of Plaintiff's personnel and payroll records and failed to produce a copy of Plaintiff's personnel and payroll records to Plaintiff. Accordingly, Defendants were in violation of the obligations and provisions of Labor Code § 1198.5.

180. As a result of Defendants' failure and refusal to comply with Labor Code § 1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

181. As a result of Defendants' failure and refusal to comply with Labor Code §226(f), Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

182. Pursuant to Labor Code §§1198.5(l) and 226(h), Plaintiff requests a reasonable award of attorneys' fees and costs.

## SEVENTEEN CAUSE OF ACTION

### Harassment – Hostile Workplace Environment

(Government Code §§ 12940 (a) and 12926 (o))

*[Against All Defendants]*

183. Plaintiff refers to and incorporates each paragraph set forth above as though set forth in full in this cause of action.

184. At all times herein mentioned, Government Code §§ 12940 (a) and 12926 (o) were in full force and effect and binding on Defendant. These statutes prohibit Defendant from discriminating against, harassing, and retaliating against any employee based on, among other things, age, race, national origin, disability, sex, and gender.

185. At all relevant times, Defendants employed Plaintiff. Defendants subjected Plaintiff to harassing conduct because of Plaintiff's color, national origin, and age.

FIRST AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

186. At all relevant times, Defendant TARDIFF and Defendant KITTINATHONON occupied managerial positions at Defendant CHERRY AEROSPACE, had direct supervisory authority over Plaintiff, and/or directly supervised Plaintiff within the scope of employment and authority.

187. As alleged in this Complaint, Defendants' harassment included, without limitation, making unwanted and inappropriate comments towards Plaintiff, regularly making offensive remarks and gestures to Plaintiff about Plaintiff's age.

188. Defendants' conduct subjected Plaintiff to harassment based on Plaintiff's race, national origin, and age, thereby creating an abusive, hostile, intimidating, oppressive, and offensive work environment for Plaintiff.

189. Defendant's harassing conduct was both severe and pervasive. Frequent and continuous, Defendant's harassment altered the conditions of Plaintiff's employment and created a work environment that is hostile, intimidating, offensive, oppressive, and abusive for Plaintiff.

190. Any reasonable person in Plaintiff's circumstances would have considered the work environment created by Defendant's harassment to be hostile, intimidating, offensive, oppressive, and abusive. Plaintiff considered Defendant's work environment, at all relevant times, to be hostile, intimidating, offensive, oppressive, and abusive.

191. Defendant knew of the harassing conduct of each other towards Plaintiff and failed to take immediate and appropriate corrective action. Therefore, Defendant, and each of them, are responsible for each other's harassing conduct towards Plaintiff.

192. As a direct, foreseeable, and proximate result of Defendant's conduct as alleged, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

193.  As a direct, foreseeable, and proximate result of Defendant's wrongful acts and failures to act, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant to any provision of law providing for prejudgment interest.

194.  As a direct, foreseeable, and proximate result of Defendant's discriminatory and wrongful actions against Plaintiff as alleged, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendant's discriminatory and wrongful actions. Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

195.  As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

196.  Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendant's wrongful conduct was carried out with a conscious disregard for Plaintiff's rights. Further, Defendant's wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent who had advance knowledge of the unfitness of its decision-maker and employed him with a conscious disregard of Plaintiff's rights and/or

authorized and/or ratified his conduct. As a result, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similarly reprehensible conduct.

197.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to the Fair Employment and Housing Act.

**WHEREFORE,** Plaintiff prays judgment against Defendants and Does 1-30 as is hereinafter more fully set forth.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury in this action.

## <u>Prayer For Relief</u>

Plaintiff prays for judgment in her favor and against Defendants, and each of them, as follows:

1.    For general damages according to proof at trial;

2.    For special damages according to proof at trial;

3.    For a declaratory judgment that Defendants have violated the California Fair Employment and Housing Act, California Labor Code, and California Business and Professions Code.

4.    For exemplary and punitive damages according to proof at trial;

5.    For an award of back and front pay;

6.    For an order enjoining Defendants, and their employees, agents, and any and all other persons acting on Defendants' behalf or under Defendants' control from violating the California Fair Employment and Housing Act, California Government Code Sections 12940 et seq.;

7.    For an order that Defendants institute and implement policies and practices to ensure that employees are not subjected to discrimination, harassment, and retaliation based on disability, association with a disabled person(s), requesting disability-related accommodation, protesting discrimination and

FIRST AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

harassment, or other protected status or activity under the Fair Employment and Housing Act;

     8.    For an order awarding Plaintiff restitution;

     9.    For statutory penalties, including civil penalties, pursuant to California Labor Code §§ 201, 203, 226(e), 226.7, and 558, and Business and Professions Code § 17203;

    10.    For an award of attorney's fees and costs in accordance with law; and

    11.    For such other and further relief as the court may deem just and proper.

DATED: November 1, 2021          **WILSHIRE LAW FIRM**

                    By: /s/ Nathan Kingery
                        Nathan Kingery, Esq.
                        Attorneys for Plaintiff,
                        KIMYA PHILLIPS

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FIRST AMENDED COMPLAINT FOR DAMAGES