1  Nicol E. Hajjar, Esq. (SBN 303102)
2  nicol@wilshirelawfirm.com
   Nathan Kingery, Esq. (SBN 309920)
3  nkingery@wilshirelawfirm.com
   **WILSHIRE LAW FIRM**
4  3055 Wilshire Blvd., 12th Floor
5  Los Angeles, California 90010
   Tel: (213) 381-9988
6  Fax: (213) 381-9989
7
8  Attorneys for Plaintiff,
   KIMYA PHILLIPS
9

10                  UNITED STATES DISTRICT COURT
11
12              CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| KIMYA PHILLIPS, an individual, | CASE NO.: 5:21−cv−01719−JWH−SP |
| Plaintiff, | **FOURTH AMENDED COMPLAINT FOR DAMAGES:** |
| vs. | |
| SELECT REHABILITATION, LLC, a Delaware Limited Liability Company; NEAL DEUTSCH and DOES 2 through 50, inclusive, | 1. **DISCRIMINATION ON THE BASIS OF DISABILITY (GOV'T. CODE § 12940 et seq.);** |
| Defendants. | 2. **DISABILITY-BASED ASSOCIATIONAL DISCRIMINATION (GOV'T CODE § 12926 (O));** |
| | 3. **FAILURE TO ACCOMMODATE DISABILITY (GOV'T. CODE § 12940 (m));** |
| | 4. **FAILURE TO ENGAGE IN TIMELY, GOOD-FAITH, INTERACTIVE PROCESS (GOV'T. CODE § 12940 (n));** |
| | 5. **RETALIATION IN VIOLATION OF FEHA;** |

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

6. **FAILURE TO PREVENT DISCRIMINATORY PRACTICES;**
7. **FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION (LABOR CODE § 226.7);**
8. **NON-COMPLIANT WAGE STATEMENTS (LABOR CODE § 226);**
9. **WAITING TIME PENALTIES (LABOR CODE §§ 201, 203);**
10. **UNFAIR COMPETITION (BPC § 17200 ET SEQ.)**
11. **UNLAWFUL DEDUCTIONS FROM WAGES (LABOR CODE §§ 221 AND 223);**
12. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (GOV'T. CODE § 12900 ET SEQ.);**
13. **FAILURE TO PRODUCE PERSONNEL AND PAYROLL RECORDS (LABOR CODE §§ 226 & 1198.5);**

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, KIMYA PHILLIPS, who respectfully alleges the following:

## I.

## GENERAL ALLEGATIONS

1.     This is an action for Violations of California law against SELECT REHABILITATION, LLC, by and through their respective sole proprietors, owners, shareholders, officers, directors, members, managing agents, alter egos, NEAL DEUTSCH and DOES 2 THROUGH 50, inclusive (collectively,

"Defendants"), for: (1) discrimination on the basis of disability; (2) discrimination on the basis of association with a disabled person(s) (3) failure to accommodate disability; (4) failure to engage in timely, good-faith, interactive process; (5) retaliation in Violation of FEHA; (6) failure to prevent discriminatory practices; (7) Failure to Pay Meal and Rest Period Compensation; (8) Non-Compliant Wage Statements; (9) Failure to Pay Wages in a Timely Manner (Waiting Time Penalties); (10) Unfair Competition; and (11) Unlawful Deduction of Wages; (12) wrongful termination in Violation of California public policy; and (13) failure to produce personnel and payroll records.

2.      Venue is proper in this Court because Plaintiff is informed and believes that at all times relevant to this action, all Defendants, and/or Does 2 through 50, inclusive, had their principal place of business and were doing business in SAN BERNARDINO County, California; Defendants employed Plaintiff in SAN BERNARDINO County; Plaintiff worked in SAN BERNARDINO County throughout her employment with Defendants; Defendants' relevant actions herein alleged occurred in SAN BERNARDINO County; witnesses reside in SAN BERNARDINO County; and Defendants' relevant records are maintained and administered in SAN BERNARDINO County.

## II.

## THE PARTIES

3.      At all relevant times, Plaintiff KIMYA PHILLIPS ("Plaintiff" or "PHILLIPS") is and was an individual over the age of 18 and a resident of the County of SAN BERNARDINO, State of California.

4.      Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendant SELECT REHABILITATION, LLC (hereinafter, "Defendant") was and is a corporation or other business entity authorized to do business in SAN BERNARDINO County, California, and was and is doing business in SAN BERNARDINO County.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

5.      Plaintiff is informed and believes and thereon alleges that all events relevant to this Complaint occurred in SAN BERNARDINO County, California. Plaintiff is further informed and believes that witnesses to the events described herein were and are residents of SAN BERNARDINO County, California.

6.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 2 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for all occurrences herein alleged including the named Defendants' discriminatory, harassing, retaliatory, and other illegal acts, and that Plaintiff's damages alleged herein are proximately caused by these Defendants.

7.      Plaintiff is informed and believes and thereon alleges that at all relevant times, all Defendants, including Defendants sued herein as Does 2 through 50, were agents, employees, and/or joint venturers of the other Defendants, or were otherwise working in concert with the other Defendants, and were acting within the course and scope of such agency, employment, joint venture, and/or concerted activity.  The herein alleged acts and omissions perpetrated by any single Defendant, or any group of Defendants, and their agents, were confirmed and ratified by all other Defendants, both individually and collectively.

8.      At all relevant times, Defendant and Does 2 through 50, and each of them, were the agents, servants, and alter-egos of each other, and as such, the acts and omissions of one Defendant are considered the acts and omissions of all Defendants.  Plaintiff is informed and believes and thereon alleges that there is such unity of interests and ownership between these Defendants that separate status no longer exists, and that observance of the fiction of separate existence among these Defendants would sanction fraud and promote injustice.

///

FOURTH AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

9.    Whenever and wherever reference is made in this Complaint to any act or failure to act by any single Defendant or any group of Defendants, such reference shall also be deemed to mean the acts and failures to act of each Defendant, and all Defendants, acting individually, jointly, and severally.

10.    Whenever and wherever reference is made to individuals who are not named as Plaintiffs or Defendants in this Complaint but were agents, servants, employees, and/or supervisors of Defendants, such individuals, at all relevant times, acted on behalf of named and Doe Defendants within the scope of their employment and authority.

## III.

## FACTUAL ALLEGATIONS

11.    In November 2015, Plaintiff began working at the Rialto Post-Acute Care Center rehabilitation facility in Rialto, California.

12.    The building where Plaintiff worked contracted in companies to handle physical therapy for patients.  The first company/contract Plaintiff worked under was Interface Rehabilitation.

13.    After working there for a few years, the rehabilitation contract changed, and Plaintiff transitioned to the new contractor Reliant Post-Rehabilitation.

14.    In 2019, after approximately two years, Defendant Select Rehabilitation, was named as the new contractor in the building.  Plaintiff transitioned on with Defendant Select Rehabilitation on or about December 1, 2019. **(See Exhibit 1 – Offer Letter)**. Plaintiff was hired as a Physical Therapy Assistant.

15.    As a full-time employee, Plaintiff performed all her job duties satisfactorily until she was wrongfully terminated on or about May 1, 2020.

16.    Despite the change in contracts/company names, Plaintiff responsibilities, job location, coworkers, and everything else remained the same.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

She worked for the same supervisor as with the previous contractor.

17.    On or about March 2, 2020, Plaintiff's grandmother unfortunately passed away at the age of 83 after having been hospitalized since December 2019.

18.    Plaintiff was very close with her grandmother and assisted with caregiving for her immunocompromised grandmother.

19.    Defendants were fully aware of Plaintiff situation as she continually kept them updated.

20.    After her grandmother's passing, Plaintiff was eligible for bereavement leave with Defendant, but chose to keep working until her grandmother's funeral, out of dedication to the company and patients she served.

21.    On or about March 14, 2020, while attending her grandmother's funeral, both Plaintiff and Plaintiff's mother were exposed to someone with COVID-19.

22.    Plaintiff immediately notified Defendants and let them know that she had been exposed to COVID-19.  As a result, she was automatically placed on a 14-day leave of absence to quarantine.

23.    Unfortunately, Plaintiff's mother's health declined rapidly.

24.    On or about March 21, 2020, Plaintiff's mother was hospitalized. Plaintiff was still working at this time.

25.    On March 24, 2020, Plaintiff's father notified her that her mother's test results had come back positive.

26.    Plaintiff became extremely stressed and was scared for her mother's health.  She immediately informed her supervisor, Cesar Ciruela, that she had an emergency and needed to leave for the day.  Mr. Ciruela gave his approval.

27.    On or about March 25, 2020, Plaintiff contacted Lindsey Aldridge to let her know about everything that was going on with her mother's health/situation.

28.    Lindsey Aldridge was initially understanding and seemed nervous for Plaintiff.  Plaintiff let Ms. Aldridge know she needed some time and would keep

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

Defendants informed of everything as things progressed.

29.    Lindsey Aldridge said that was completely fine.  At this point in time, Plaintiff was in state of emotional shock, panicked and very scared.

30.    On April 2, 2020, Plaintiff submitted an Application for Leave to Defendant. **(See Exhibit 2 – Application for LOA – 4/2/20).**  In her application, Plaintiff writes: "My mother is in the hospital on a ventilator diagnosed with COVID-19. I was instructed to quarantine as well as care for her when she is discharged."

31.    On or about April 8, 2020, Plaintiff received a letter from Defendants informing her that she had exhausted her quarantine time/period. **(See Exhibit 3 – Letter from Defendant – 4/8/20).**

32.    Defendant demands that Plaintiff return to work by April 23, 2020. This letter came as a total shock and surprise to Plaintiff, because her supervisor Lindsey Aldridge had told Plaintiff to take all the time she needed in order to care for her mother.

33.    Additionally, Plaintiff had just filled out her leave of absence request six days earlier.

34.    During this time, Plaintiff's mother's health began to decline significantly.

35.    As a result of the stress Plaintiff was under, a family member suggested Plaintiff see a doctor.

36.    On or about April 16, 2020, Plaintiff was finally able to get an appointment with her physician – Doctor Chiriboga.

37.    Dr. Chiriboga placed Plaintiff on a medical leave of absence from work through May 16, 2020. **(See Exhibit 4 – Doctor's Note).**  Plaintiff timely submitted her medical note and certification of health care provider to Defendants. **(See Exhibit 5 – Certification of Healthcare Provider).**

///

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

38.     On or about April 23, 2020, Plaintiff filed an Application for Leave and submitted all necessary paperwork to Defendants. **(See Exhibit 6 – Application for Leave – 4/23/20).**

39.     On or about April 23, 2020, Lindsey Aldridge responded to an email from April 22, 2020 from Jennifer Hoff regarding Plaintiff's requests for accommodations and/or leave of absence.

40.     In that email, Lindsey Aldridge states "We can give her an additional week, we need her back to work 5/1." **(See Exhibit 7 – Email Exchange Between Aldridge and Hoff).**

41.     At this time, Lindsey Aldridge was fully aware of Plaintiff's emotional state and condition, as well as the fact that Plaintiff's mother was on a ventilator in the hospital battling for her life.

42.     This all occurred during April 2020, the height of the COVID-19 pandemic.  A time rampant with fear and scarcity.

43.     Despite knowing all of this, Lindsey Aldridge showed no empathy or compassion, instead choosing to turn a cold shoulder, and demanded that Plaintiff return to work in one week.

44.     Between 8:28 AM on April 22nd and 3:08 PM on April 23rd, Defendants never contacted Plaintiff to discuss potential accommodations nor engage in the interactive process.

45.     Plaintiff was willing to participate in an interactive process to determine what reasonable accommodations could be made so that she would be able to perform the essential job requirements.

46.     Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

47.     Instead of participating in a timely interactive process Defendants demanded that Plaintiff return to work within one week.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

48.    On April 26, 2020, Defendants sent Plaintiff a letter regarding her requested leave of absence. **(See Exhibit 8 – Letter from Defendant – 4/26/20).** In that letter, Defendant demands that Plaintiff return to work by May 1, 2020, despite never having engaged in any interactive dialogue with Plaintiff, and in direct contradiction with Plaintiff's medically required leave of absence.

49.    On May 1, 2020, Jennifer Hoff called Plaintiff to question her regarding why she was not at work.  Plaintiff reminded Ms. Hoff that she was on a leave of absence. Further Plaintiff let Ms. Hoff know that all her leave of absence paperwork had been provided to Defendant.

50.    Plaintiff informed Jennifer Hoff that her mother was fighting for her life on a ventilator due to COVID-19.  Ms. Hoff was unsympathetic and did not care.

51.    In response, Jennifer Hoff insulted Plaintiff and showed no empathy, nor was she willing to engage in the interactive process with Plaintiff.  Ms. Hoff told Plaintiff that her situation didn't matter, and she was terminating Plaintiff.

52.    Defendants sent Plaintiff a letter confirming that Defendants had terminated her employment. **(See Exhibit 9 – Letter from Defendant re: Termination – 5/1/20). (See also Exhibit 10 – Separation Status Change Form).** Plaintiff had intended to return to work for Defendant Select but unfortunately was not given the opportunity to do so.

53.    On May 19, 2020, Plaintiff's mother passed away following her battle with COVID-19.

54.    As a result of her termination, Plaintiff spiraled into a state of depression and developed anxiety.  Plaintiff's symptoms and conditions are continuing.

55.    No representative of any Defendants herein ever engaged in an interactive dialogue with Plaintiff regarding ways to accommodate her disability. Instead, Plaintiff's employment was wrongfully terminated, without any

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

interactive process, because of, among other things: (1) her objection to her wrongful and discriminatory treatment based on her disability status; (2) her objection to her wrongful and discriminatory harassment; (3) her request for reasonable accommodation; (4) her disability; and (5) her association with a disabled person — all of which are protected categories and activities under the Fair Employment & Housing Act ("FEHA"). These were all motivating factors in Defendants' decision to discharge Plaintiff effective May 1, 2020.

56.    At all times relevant hereto, Plaintiff was a non-exempt employee under California law and was subject to the California Labor Code and Wage Order requirements. During the relevant period, and due to the nature of Plaintiff's job duties, Plaintiff's legally mandated thirty (30)-minute uninterrupted meal break was frequently short, late, interrupted, or missed.  In addition, Plaintiff rarely had the opportunity to take a full, timely, uninterrupted ten (10)-minute rest period.

57.    Plaintiff never received the one (1) hour of pay Plaintiff was entitled to for each of Defendants' meal break violations and rest period violations.

58.    At all times relevant hereto, Plaintiff regularly worked more than eight hours per day and/or more than forty hours per week.

59.    At all times relevant hereto, Plaintiff was not exempt pursuant to Labor Code and Wage Order requirements, including payment of overtime compensation. Despite this, Defendants failed to pay overtime compensation.

60.    Defendants failed to pay Plaintiff's wages at the time the wages became due and payable, and Defendants failed to pay such overdue wages at the time of Plaintiff's discharge.

61.    Moreover, due to Defendants' failure to provide meal and rest period premiums and wages, Defendants failed to provide Plaintiff with compliant wage statements.

62.    Additionally, Defendants' policies and practices of failing to provide accurate itemized wage statements, timely pay all wages owed, and provide duty-

free meal periods, as set forth above, violate the Unfair Competition Law.

63.    During the relevant time period, Defendants subjected Plaintiff to discrimination, harassment, and retaliation by, among other things, violating her physical autonomy, altering the conditions of Plaintiff's employment through harassment, verbal abuse, refusing to provide reasonable accommodation, and refusing to engage in a timely, good-faith, interactive process, despite full awareness of Plaintiff's disability.

64.    At all relevant times, Defendants failed to properly engage in a timely, good-faith, interactive process to ascertain what reasonable accommodation could be provided to Plaintiff in view of her association with a disabled person, medical conditions and disability, so that Plaintiff could continue performing her essential job duties.

65.    At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of her position or another position with reasonable accommodation.

66.    Plaintiff's termination from employment was substantially motivated by Plaintiff's association with a disabled person, and disability, without any discussion of accommodation or any good-faith attempt to engage in an interactive process with Plaintiff.  Defendants' discriminatory animus is evident and amply demonstrated by the above facts.

67.    Therefore, Defendants discriminated against, harassed, and retaliated against Plaintiff on the basis of Plaintiff's association with a disabled person, disability, and/or Plaintiff's protected activities, which included, without limitation, requesting reasonable accommodation and complaining about discrimination, and harassment.

68.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound emotional distress and mental anguish, and past and future lost wages and benefits.

FOURTH AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

69.   Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors, and/or managing agents, and those identified herein as DOES 2 through 50, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants.  The aforementioned conduct of said managing agents and individuals was, therefore, undertaken on behalf of Defendants, who further had advance knowledge of the actions and conduct of said individuals.  Such actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and who are, therefore, designated herein as DOES 2 through 50, inclusive.

## IV.

## FIRST CAUSE OF ACTION

### Employment Discrimination Based on Disability – Violation of Fair Employment and Housing Act

(Government Code § 12940 et seq.)

*[Against Defendants and Does 2-50]*

70.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

71.   At all relevant times, FEHA, Government Code section 12940 et seq., was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from discriminating against any employee based on disability (including actual, perceived, and history of).  Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter. **(See Exhibit 11 – Right to Sue Letter).**

72.   Plaintiff is informed and believes and thereon alleges that Plaintiff's disability was a motivating factor in Defendants' wrongdoing, which included,

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

without limitation, the following: (1) Defendants' refusal to reasonably accommodate Plaintiff's disability; (2) Defendants' failure to engage in a timely, good-faith, interactive process with Plaintiff to determine whether reasonable accommodation could be provided for her disability; and (3) terminating Plaintiff's employment due to Plaintiff's disability.

73.    At all relevant times, Plaintiff was an individual with a disability within the meaning of Government Code § 12926 (m).  Additionally, at all relevant times, Plaintiff was willing, able, and qualified to perform the duties and functions of the position in which she was employed and/or trained, or could have performed the duties and functions of that position with reasonable accommodation.  At no time would Plaintiff's performance of the functions of the employment position, with reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff or any other person's health or safety.  Reasonable accommodation of Plaintiff's disability would not have imposed an undue hardship on Defendants.

74.    Defendants' acts and omissions, including terminating Plaintiff's employment, constitute unlawful and discriminatory employment practices on account of Plaintiff's physical disability, in Violation of Government Code § 12900 et seq.

75.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

76.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims all such amounts as damages, together with prejudgment interest, pursuant

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

to any provision of law providing for prejudgment interest.

77.    As a further direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful actions as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

78.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

79.    The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner, with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294.    Defendants' decision to terminate Plaintiff's employment based on Plaintiff's disability was reached and implemented with intent to injure Plaintiff and with intent to prevent the exercise of Plaintiff's statutory rights.  Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above- alleged conduct was unlawful and occurring but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

80.    Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## SECOND CAUSE OF ACTION

### Employment Discrimination Based on Association with a Person Having a Disability or Perceived Disability – Violation of Fair Employment and Housing Act

*[Against Defendants and Does 2-50]*

81.     Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

82.     At all relevant times, FEHA, Government Code section 12940 et seq., was in full force and effect and binding on Defendants.  This statute requires Defendants to refrain from discriminating against any employee based on, among other things, disability (including actual, perceived, and history of). In law, disability includes association with a person who has, or is perceived to have, a disability (Government Code, section 12926(o)). Within the time provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements, and received a right-to-sue letter. **(See Exhibit 11 – Right to Sue Letter).**

83.     After learning that Plaintiff was the caretaker of his seriously ill mother, Defendants considered Plaintiff to be disabled and/or associated with a person who has a disability or perceived disability.

84.     Plaintiff is informed and believes and thereon alleges that Plaintiff's disability and/or associational disability were motivating factors in Defendants' wrongdoing in this case. This includes that, among other things, (1) Defendants feared that Plaintiff could also develop his mother's disability or perceived disability, and that (2) Defendants singled out Plaintiff for closer scrutiny on attendance and daily activities after learning that Plaintiff had a disability and/or medical condition(s) and was his mother's caretaker.

///

85.     Defendants' acts and omissions, including terminating Plaintiff's employment, constitute unlawful and discriminatory employment practices on account of Plaintiff's disability and/or associational disability based on being the caretaker of his seriously ill mother, in violation of Government Code § 12900 et seq.

86.     As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

87.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

88.     As a further direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

89.     As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

90.    The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294.    Defendants' decision to terminate Plaintiff's employment based on Plaintiff's disability and/or associational disability was reached and implemented with intent to injure Plaintiff and with intent to prevent the exercise of Plaintiff's statutory rights.    Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above- alleged conduct was unlawful and occurring, but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

91.    Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

### Failure to Accommodate Disability or Perceived Disability- Violation of The Fair Employment and Housing Act

(Government Code § 12940 et seq.)

*[Against Defendants and Does 2-50]*

92.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

93.    At all relevant times, FEHA, Government Code sections 12940 (a) and 12940 (m), was in full force and effect and was binding on Defendants.    This statute requires Defendants to provide reasonable accommodation to known disabled employees.    Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter. **(See Exhibit 11 – Right to Sue Letter).**

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

94.    At all relevant times, Defendants were fully aware of Plaintiff's disability.    Plaintiff attempted to obtain reasonable accommodation from Defendants for her disability.    Defendants, through their owners, managers, employees, and agents, refused to provide Plaintiff with reasonable accommodation and refused to engage in any meaningful discussion to determine if Plaintiff could be reasonably accommodated.

95.    Defendants' discriminatory and retaliatory actions against Plaintiff, as alleged above, constitute unlawful discrimination in employment on account of Plaintiff's disability, in Violation of the Fair Employment and Housing Act, because Defendants failed to reasonably accommodate Plaintiff's disability despite full awareness thereof and despite being repeatedly requested to provide reasonable accommodation (Government Code Section 12940 (m)).

96.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

97.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in  amounts to be proven at trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

98.    As a further direct, foreseeable, and proximate result of Defendants' discriminatory and wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money Plaintiff would have received but for Defendants' discriminatory and wrongful

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

actions as alleged herein.  Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.

99.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

100.    The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner, with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294.    Defendants' decision to refuse to accommodate Plaintiff's disability was reached and implemented with intent to injure Plaintiff and with intent to prevent the exercise of her statutory rights.  Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above-alleged conduct was unlawful and occurring but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

101.    Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## **FOURTH CAUSE OF ACTION**

### **Failure to Engage in A Timely, Good-Faith, Interactive Process**

(Government Code § 12940 (n))

*[Against Defendants and Does 2-50]*

102.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

103.    At all relevant times, FEHA, Government Code section 12940(n), was in full force and effect and was binding on Defendants.  This statute requires

Defendants to engage in a timely, good-faith, interactive process with an employee who has a known disability or known medical condition and who has requested reasonable accommodation therefor, to determine whether effective reasonable accommodation could be provided. Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter. **(See Exhibit 11 – Right to Sue Letter).**

104.    At all relevant times, Defendants knew that Plaintiff had a disability, and Plaintiff attempted to obtain from Defendants reasonable accommodation for Plaintiff's disability. Defendants, through their employees and agents, failed to adequately and timely respond to Plaintiff's requests for reasonable accommodation and refused to engage in any meaningful discussion to determine whether Plaintiff could be provided with reasonable accommodation.

105.    Defendants refused and failed to engage in a timely and adequate good-faith interactive process with Plaintiff to determine an effective reasonable accommodation in response to Plaintiff's request for reasonable accommodation, in Violation of Government Code § 12940 (n).

106.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered and will continue to suffer actual damages, including lost earnings and other employment benefits, in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

107.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to any provision of law providing for prejudgment interest.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

108.  As a further direct, foreseeable, and proximate result of Defendants' discriminatory, retaliatory, and wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' discriminatory, retaliatory, and wrongful actions as alleged herein.  Plaintiff continues to suffer the intangible loss of such employment-related opportunities as experience in the position Plaintiff held and advancement opportunities.

109.  As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

110.  The aforementioned acts were carried out by Defendants in a malicious, willful, and oppressive manner, with intent to injure and cause damage to Plaintiff, entitling Plaintiff to recover exemplary damages from Defendants under Civil Code § 3294.  Defendants' failure to engage in a timely, good-faith, interactive process with Plaintiff despite full awareness of Plaintiff's disability was done with intent to injure Plaintiff and with intent to prevent the exercise of Plaintiff's statutory rights.  Defendants' officers, directors, and managerial and supervisory employees participated in the unlawful conduct as alleged above, or had actual knowledge that the above- alleged conduct was unlawful and occurring but nevertheless authorized and/or ratified the practices in conscious disregard of the rights of Plaintiff.

111.  Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

///

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of FEHA

*[Against Defendants and Does 2-50]*

112.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

113.   At all relevant times, FEHA was in full force and effect and was binding on Defendants.   This statute requires Defendants to refrain from discriminating against, harassing, and retaliating against any employee based on, among other things, age, race, religion, disability, national origin, sex, gender, requesting disability-related accommodation, and protesting any harassing and discriminatory conduct.   Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter. **(See Exhibit 11 – Right to Sue Letter).**

114.   Plaintiff engaged in the protected activities of requesting disability-related accommodations from Defendants and protesting Defendants' harassing and discriminatory conduct towards Plaintiff based upon Plaintiff's and disability and association with a disabled person(s).

115.   Plaintiff is informed and believes and thereon alleges that Plaintiff's acts of requesting accommodation and protesting Defendants' harassing and discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in Defendants' decisions to subject Plaintiff to the aforementioned adverse employment actions.

116.   After Plaintiff informed Defendants of Plaintiff's disability and protested the harassment and discrimination she experienced based on her disability and association with a disabled person, Plaintiff was subjected to retaliation by Defendants.

///

FOURTH AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

117.    Plaintiff is informed and believes and thereon alleges that Defendants' retaliatory conduct against Plaintiff was motivated by Plaintiff's complaint about the harassment and discrimination she suffered and by Plaintiff's disability and request for disability-related accommodations.

118.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff's employment for attempting to exercise Plaintiff's protected rights, as set forth above.

119.    As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

120.    As a further direct, foreseeable, and proximate result of Defendants' wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' retaliatory actions as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.  Such damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

121.    As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

122.    The above-described acts of Defendants were committed by and through their managing agents, officers, or directors.  Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

rights.  Such acts were despicable, and constitute malice, fraud, and/or oppression within the meaning of Civil Code section § 3294.  Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

123.   Under the Fair Employment and Housing Act, Plaintiff is entitled to a reasonable award of attorney's fees and costs.

## SIXTH CAUSE OF ACTION

**Failure to Prevent Discriminatory Practices in Violation of FEHA**

*[Against Defendants and Does 2-50]*

124.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

125.   At all relevant times, FEHA was in full force and effect and was binding on Defendants.   This statute requires Defendants to refrain from discriminating against, harassing, and retaliating against any employee based on, among other things, age, religion, race, national origin, and disability.  Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter. **(See Exhibit 11 – Right to Sue Letter).**

126.   Plaintiff was subjected to discrimination, harassment, and retaliation due to Plaintiff's disability, association with a disabled person, her requesting reasonable accommodation, and her protesting Defendants' unlawful conduct.

127.   Defendants failed to take reasonable steps to prevent the discrimination, harassment, and retaliation Plaintiff was subjected to despite Defendants' full awareness thereof. Instead, Defendants terminated Plaintiff's employment based on Plaintiff's disability, association with a disabled person, and her engaging in protected activities.

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

128.   As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

129.   As a further direct and proximate result of Defendants' wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' unlawful conduct as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.  Such damages are in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

130.   As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

131.   The above-described acts of Defendants were committed by and through their managing agents, officers, or directors.  Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner in order to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights.  Such acts are despicable and constitute malice, fraud, and/or oppression within the meaning of Civil Code § 3294.  Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

132.   Under the Fair Employment and Housing Act, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

///

FOURTH AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## SEVENTH CAUSE OF ACTION

### Failure to Pay Meal and Rest Period Compensation

(California Labor Code §§ 226.7 and 512)

*[Against Defendants and Does 2-50]*

133.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

134.    Plaintiff regularly worked in excess of five (5) hours a day without receiving a timely and uninterrupted meal period in which he was relieved of all duties, as required by *California Labor Code* §§ 226.7 and 512 and all applicable Wage Orders.  Defendants failed and refused to compensate Plaintiff for these missed, untimely, or interrupted meal periods, in accordance with the premium compensation mandated by *California Labor Code* §§ 226.7 and 512 and all applicable Wage Orders.

135.    Plaintiff regularly worked in excess of four (4) hours or a fraction thereof each workday without being provided with at least a ten-minute rest period during which he was relieved of all duties, as required by *California Labor Code* §§ 226.7 and 512 and all applicable Wage Orders.  Defendants failed and refused to compensate Plaintiff for these missed, untimely, or interrupted rest periods, in accordance with the premium compensation mandated by *California Labor Code* §§ 226.7 and 512 and all applicable Wage Orders.

136.    *California Labor Code* § 226.7 and the applicable Wage Order require that employee meal periods must be provided no later than the end of an employee's fifth hour of work.  A second meal period must also be provided no later than the end of an employee's 10th hour of work.

137.    *California Labor Code* § 226.7 and the applicable Wage Order also establish that employees are entitled to 10 minutes of rest for shifts of three and one-half to six hours in length, 20 minutes of rest for shifts of greater than six hours

up to 10 hours, 30 minutes of rest for shifts of more than 10 hours up to 14 hours, and so on.

138.   *California Labor Code* § 226.7 outlines the following penalty for failing to provide meal or rest periods: "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Therefore, if an employer fails to provide both meal and rest periods, the penalty would be two (2) additional hours of pay per workday.

139.   By failing to provide meal and rest periods, Defendants deprived Plaintiff of his statutory rights, and by refusing to pay Plaintiff the additional wages required for such violations, Defendants deprived Plaintiff of his rightfully earned compensation. As a direct, legal, and proximate result of Defendants' improper conduct, Plaintiff has been harmed and is entitled to recover such amounts, plus interest thereon, attorney's fees and costs, plus statutory and civil penalties, pursuant to *California Labor Code* § 558 and other applicable laws and regulations.

## EIGHTH CAUSE OF ACTION

### Non-Compliant Wage Statements

(*California Labor Code* §§ 226 and 226.3)

*[Against Defendants and Does 2-50]*

140.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

141.   Pursuant to *California Labor Code* § 226(a), on a bi-weekly basis, or at the time of payment of wages, Defendants are required to furnish each of their employees with an accurate itemized statement, in writing, showing, *inter alia*, (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer, the rate of pay and the total hours worked for each temporary services assignment.

142.   At all relevant times, Defendants intentionally failed to furnish Plaintiff with an itemized statement in writing showing the true number of hours worked and other aforementioned requirements. Defendants failed to provide Plaintiff with the opportunity to take legally mandated rest periods, or to pay Plaintiff one hour of wages as compensation for each rest period not provided in accordance with California law.  As a result, Defendants failed to furnish Plaintiff with an itemized statement in writing showing that Plaintiff had earned one additional hour of pay for each workday that a rest period is not properly provided.

143.   As a direct, legal, and proximate result of Defendants' improper conduct, Plaintiff has been harmed. Further, Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally failed to provide Plaintiff with accurate itemized wage statements pursuant to *California Labor Code* § 226(a) in order to conceal their liability from Plaintiff. Pursuant to *California Labor Code* § 226(e), employees (such as Plaintiff) who suffer injury as a result of a knowing and intentional failure by an employer to comply with the provisions of *California Labor Code* § 226(a) are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are entitled to costs and reasonable attorney's fees. Accordingly, Plaintiff is entitled to damages for the harm suffered herein.

## NINTH CAUSE OF ACTION

**Failure to Pay Wages in a Timely Manner (Waiting Time Penalties)**

(*California Labor Code §§ 201 and 203 et seq.*)

*[Against Defendants and Does 2-50]*

144.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

145.   *California Labor Code* § 201 provides in relevant part: "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

146.   *California Labor Code* § 203 provides in relevant part: "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

147.   As alleged herein, Defendants failed to pay the wages of Plaintiff, a former employee of Defendants, at the time the wages became due and payable. Further, Defendants failed to pay such overdue wages at the time of discharge. Thus, Defendants violated *California Labor Code* §§ 201 and 203.

148.   Defendants' failure to pay wages as alleged herein was willful as Defendants knew that Plaintiff did not receive all earned pay based on at least the following: (1) Defendants willfully refused to pay Plaintiff for all the time he worked; and (2) Plaintiff was not paid an hour's worth of wages for each missed or interrupted meal and rest period that was not provided as required by *California*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

*Labor Code* § 226.7 and the applicable Wage Orders.

149.  As a direct, legal, and proximate result of Defendants' wrongful, knowing, and willful conduct, Plaintiff has been harmed and is entitled to recover, pursuant to *California Labor Code* § 203, continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced, up to 30 days.

### TENTH CAUSE OF ACTION

**Unfair Competition**

(*Business & Professions Code* § 17200 *et seq.*)

*[Against Defendants and Does 2-50]*

150.  Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

151.  *California Business and Professions Code* § 17200 *et seq.* (the "UCL") prohibits unfair competition, including but not limited to any unlawful, unfair, or fraudulent business practices.

152.  *California Labor Code* § 90.5(a) provides that it is the public policy of the State of California to vigorously enforce labor standards in order to ensure that employees are not required to work under substandard unlawful conditions, and to protect employers who comply with the law from those (such as Defendants) who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

153.  The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of *California Business and Professions Code* § 17200.  Due to their unfair and unlawful business practices in violation of the California Fair Employment and Housing Act, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to, among other things,

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

employ individuals regardless of their age, race, national origin, disability, and other protected status, as well as to provide reasonable disability-related accommodation to known disabled employees, or at a minimum, to engage in a timely, good-faith, interactive process to determine whether such reasonable accommodation could be provided.

154.    Moreover, Defendants' policies and practices of failing to pay the legally required wages, failing to provide duty-free meal and/or rest periods, failing to provide compliant wage statements, and failing to timely pay all wages owed, as set forth above, violate the UCL in that:

    a.    These are unlawful business practices by definition;

    b.    Defendants' practices are unethical, unscrupulous, and substantially injurious to consumers.  The harm to Plaintiff and to members of the general public outweighs the utility, if any, of Defendants' practices; and

    c.    Defendants' practices have misled Plaintiff and members of the general public.

155.    The unlawful, unfair, and fraudulent business practices of Defendants, as described above, present a continuing threat to the public in that consumers throughout California have suffered and continue to suffer an injury in fact and lost money as a result of Defendants' unlawful, unfair, and fraudulent acts or practices. In addition, Defendants have been unjustly enriched as a result of their conduct. Plaintiff and members of the general public have no other adequate remedy in law in that absent equitable relief from the Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a multiplicity of judicial proceedings.

156.    As a direct, legal, and proximate result of the above-described actions by Defendants, individually and collectively, Plaintiff has suffered and will continue to suffer special and general damages in a sum in excess of the

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

157.  Plaintiff is entitled to restitution of monies owed to him during the relevant time period as a result of Defendants' unlawful, unfair, and fraudulent conduct, and to injunctive relief.

158.  Plaintiff is entitled to restitution of the unpaid amounts, as an equitable remedy, and interest at the rate of ten percent per annum, costs of suit, and reasonable attorney's fees pursuant to the underlying claims as alleged herein.

159.  Pursuant to *California Business and Professions Code* § 17203, this Court may order paid the full amounts wrongfully retained by Defendants to Plaintiff, for the time period of his employment and continuing thereafter.  Plaintiff will, upon leave of Court, amend this Complaint to specifically allege such wrongfully retained amounts when they are ascertained.

160.  Further, injunctive relief is necessary and appropriate to prevent Defendants from repeating the wrongful business practices alleged herein.

161.  Plaintiff's success in this action will enforce important rights affecting the public interest, and in that regard, Plaintiff sues on behalf of the public as well. Plaintiff seeks and is entitled to monies owed and unpaid, an injunction, an equitable accounting, and all other equitable relief required to remedy Defendants' failure to pay the required monies.

## ELEVENTH CAUSE OF ACTION

### Unlawful Deductions from Wages

*[Against Defendants and Does 2-50]*

162.  Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

163.  California Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

by said employer to said employee."

164.   California Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

165.   These and other related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

166.   Defendants have violated the California Labor Code by unlawfully taking deductions from the compensation of Plaintiff to cover certain ordinary business expenses of Defendants, including the reimbursement of Plaintiff's expenses.

167.   Because Defendants took unlawful deductions from the compensation of Plaintiff, Defendants are liable to Plaintiff for the compensation that should have been paid but for the unlawful deductions, pursuant to California Labor Code §§ 221 and 223.

168.   By unlawfully deducting wages and failing to pay Plaintiff, Defendants are also liable for penalties, reasonable attorney's fees, and costs under California Labor Code §§ 218.5 and 1194.

///

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## **TWELVETH CAUSE OF ACTION**

### **Wrongful Termination in Violation of Public Policy**

### *[Against Defendant and Does 2-50]*

169.   Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

170.   Plaintiff's employment was terminated in retaliation for Plaintiff's complaints about Defendants' unlawful conduct in the form of, among other things, harassment, disability discrimination, gender discrimination, and retaliation. Accordingly, said termination violated fundamental public policies of the State of California.

171.   In engaging in the conduct set forth above, Defendants illegally terminated Plaintiff's employment.

172.   As a direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to suffer substantial general damages and emotional distress, and will incur other incidental and consequential damages and losses, all in amounts to be proven at trial.

173.   As a further direct, foreseeable, and proximate result of Defendants' wrongful actions against Plaintiff as alleged herein, Plaintiff has suffered and will continue to suffer special damages that include, without limitation, loss of wages, salary, benefits, and/or additional amounts of money she would have received but for Defendants' wrongful conduct as alleged herein.  Plaintiff also continues to suffer the intangible loss of such employment-related opportunities as experience in the position she held and advancement opportunities.  Such damages are in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proven at trial.

174.   As a further direct, foreseeable, and proximate result of said wrongful acts and failures to act by Defendants, Plaintiff has suffered and will continue to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, causing Plaintiff to incur damages in an amount to be proven at trial.

175.    The above-described acts of Defendants were committed by and through their managing agents, officers, or directors.    Further, such acts were carried out in a deliberate, cold, callous, fraudulent, and intentional manner, with intent to injure and cause damage to Plaintiff and/or in conscious disregard of Plaintiff's rights.    Such acts are despicable and constitute malice, fraud, and /or oppression within the meaning of Civil Code § 3294.    Accordingly, Plaintiff is entitled to an assessment of punitive damages against Defendants, in an amount to be proven at trial.

## THIRTEENTH CAUSE OF ACTION

### Failure to Permit Inspection of Personnel and Payroll Records

(Labor Code §§ 226 and 1198.5)

*[Against Defendants and Does 2-50]*

176.    Plaintiff incorporates herein by reference, as though full set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs.

177.    Labor Code § 1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records. An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

178.    Plaintiff properly requested that Defendants produce to Plaintiff, Plaintiff's personnel, and payroll documents pursuant to Labor Code §§ 1198.5.

179.    Defendants failed to permit Plaintiff's inspection of Plaintiff's personnel and payroll records and failed to produce a copy of Plaintiff's personnel and payroll records to Plaintiff. Accordingly, Defendants were in violation of the obligations and provisions of Labor Code § 1198.5.

///

FOURTH AMENDED COMPLAINT FOR DAMAGES

180.    As a result of Defendants' failure and refusal to comply with Labor Code § 1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

181.    As a result of Defendants' failure and refusal to comply with Labor Code § 226(f), Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

182.    Pursuant to Labor Code §§ 1198.5(l) and 226(h), Plaintiff requests a reasonable award of attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

## Prayer For Relief

Plaintiff prays for judgment in her favor and against Defendants, and each of them, as follows:

1.    For general damages according to proof at trial;

2.    For special damages according to proof at trial;

3.    For a declaratory judgment that Defendants have violated the California Fair Employment and Housing Act, California Labor Code, and California Business and Professions Code.

4.    For exemplary and punitive damages according to proof at trial;

5.    For an award of back and front pay;

6.    For an order enjoining Defendants, and their employees, agents, and any and all other persons acting on Defendants' behalf or under Defendants' control from violating the California Fair Employment and Housing Act, California Government Code Sections 12940 *et seq.*;

7.    For an order that Defendants institute and implement policies and practices to ensure that employees are not subjected to discrimination, harassment, and retaliation based on disability, association with a disabled person(s), requesting disability-related accommodation, protesting discrimination and

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

1    harassment, or other protected status or activity under the Fair Employment and

2    Housing Act;

3          8.    For an order awarding Plaintiff restitution;

4          9.    For statutory penalties, including civil penalties, pursuant to

5    California Labor Code §§ 201, 203, 226(e), 226.7, and 558, and Business and

6    Professions Code § 17203;

7          10.   For an award of attorney's fees and costs in accordance with law; and

8          11.   For such other and further relief as the court may deem just and

9    proper.

10

11   DATED: May 31, 2022        **WILSHIRE LAW FIRM**

12   A Professional Law Corporation

13   By: */s/ Nathan Kingery*

14   Nathan Kingery, Esq.
    Attorney for Plaintiff,

15   KIMYA PHILLIPS

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

FOURTH AMENDED COMPLAINT FOR DAMAGES

# EXHIBIT 1



Document generated on 11/27/2019

November 26, 2019

Kimya Phillips
16462 Pine Wood St
Fontana, CA  92508

Dear Kimya:

We are pleased to extend to you an offer of employment with Select Rehabilitation, LLC. We are a growing team of professionals dedicated to providing exceptional physical, occupational and speech language pathology services to a wide variety of patients in skilled nursing, hospital, outpatient and other settings. We believe that your skills will play a vital part in providing quality service to our patients and customers.

Most of the employment packet will need to be completed electronically; however, some documents will need to be printed, manually completed, and returned prior to your first day.

You will be employed as a Full Time Physical Therapist Assistant with your primary facility being Rialto Post Acute, which may change from time to time in Select Rehabilitation's sole discretion. In addition, occasional travel to other facilities may be necessary during periods of low patient volume or other Company needs.

Your employment will begin on December 1, 2019. Your initial rate of pay will be $40.00 per hour, which may be changed from time to time at Select Rehabilitation, LLC's discretion. This offer of employment is subject to a reference and background check satisfactory to Select Rehab. At all times during your employment with Select Rehabilitation, LLC, you will be expected to comply with all of its policies, rules and regulations, as may be modified at any time in Select Rehabilitation's sole discretion.

Full and Part Time employees are eligible to elect benefits. Please see your Benefits Summary for further details. Enrollment instructions and deadlines can be found on the Self Service Benefits Website Information form.

Your employment with Select Rehabilitation at all times will be at-will. That is, either Select Rehabilitation or you may terminate the employment relationship at any time and for any reason, with or without cause or notice. However, we ask that you provide Select Rehabilitation, LLC with a (30) thirty-day notice in the event you decide to voluntarily terminate your employment in order to assist us in the transition period. Your failure to do so may result in ineligibility for rehire.

Please electronically sign to signify your acceptance and understanding of the terms and conditions of your employment no later than (30) thirty days from the date of this letter.

Sincerely,

*Beth Normandy*

Beth Normandy, Human Resources
Select Rehabilitation, LLC

By clicking "Sign & Submit", I am acknowledging agreement of the terms and conditions set forth in my offer letter. I understand that my electronic signature serves the same function as a manually written signature.

### ** E-Signed by Kimya Phillips on Tue, 11/26/2019 at 11:36 PM (CST) **

# EXHIBIT 2

**SELECT REHABILITATION, LLC.**
**APPLICATION FOR LEAVE**

Name: Kimya Phillips

Current Address: 16462 Pine Wood Street Fontana Ca. 92334

Start Date of Anticipated Leave: March 26, 2020

Expected Date of Return to Work: June 1st, 2020

Reason for Leave (Explain): My Mother is in the Hospital on a ventilator. Diagnosed with Covid-19. I was instructed to Quarantin as well as care For her when she is Discharged Home.

Signature: _Kimya Phillips PTA_    Date: 4/2/2020

Kimya Phillips PTA    Date: 4/2/2020
Print Name

# EXHIBIT 3

**From:**               Leave Department <loa@selectrehab.com>
**Sent:**               Wednesday, April 08, 2020 2:54 PM
**To:**                 kimyalp@gmail.com
**Subject:**            LOA
**Attachments:**        Following Quarantine Letter.doc


Good afternoon Kimya,
Please see the attached document for your leave of absence request.
Thank you,

Jennifer Hoff
Human Resources
Select Rehabilitation, LLC
P: 847-441-5593 ext 163
F: 847-730-2934

Select000039



April 8, 2020


Kimya Phillips
16462 Pine Wood St.
Fontana, CA 92508


Dear Kimya:

Our records indicate that your quarantine period has exhausted, but have not returned to work. Effective immediately through **April 23, 2020**, you have been transitioned to a **Personal Leave of Absence**.  This leave will be; 1. granted in two (2) week increments (based on patient and staffing needs), 2. does not protect your job and benefits 3. your benefits (Medical, Dental, Vision) will be transferred to the COBRA plans when your PTO exhaust.

Please do not hesitate to contact me if you have any further questions or would like to discuss this matter further.



Sincerely,

Jennifer Hoff
Human Resources
Select Rehabilitation, LLC

Select000040

# EXHIBIT 4



**PVHC at Pomona - Primary Care**
1770 North Orange Grove Avenue, Suite 101
Pomona, CA 91767-



| | |
|---|---|
| Patient: | **Phillips, Kimya LaShonda** |
| MRN: | 000337697 |
| FIN: | 533560843 |
| DOB/Age/Gender: 7/25/1971     48 years     Female | |

Date of Service: 4/16/2020
Provider: Chiriboga MD,Douglas

---

### *Letters*

---

Document Type:                                      Patient Letter
Result Status:                                       Auth (Verified)
Sign Information:

April 16, 2020

Kimya Phillips
16462 Pine Wood Street
Fontana, CA 92336

To Whom It May Concern:

Kimya Phillips is under my care, please excuse from work starting 04/16/2020 to 05/16/2020.

If you have any questions please contact the office. Thank You.

Sincerely,

Douglas Chiriboga, MD

**FAMILY HEALTH CENTER**
1770 N. ORANGE GROVE # 101
POMONA, CA. 91767
(909) 469-9494

---

Report Request ID:   14235260                    Page 1 of 1                    Print Date/Time:   4/16/2020 14:44 PDT

# EXHIBIT 5

## SELECT REHABILITATION, INC.
### Certification of Health Care Provider
### (Family and Medical Leave Act of 1993)

1.     Employee's Name: _Kimya Phillips_

2.     Patient's Name (if different from employee): _____

3.     The attached sheet describes what is meant by a **"serious health condition"** under the Family and Medical Leave Act. Does the patient's condition[1] qualify under any of the categories described? If so, please check the applicable category.

         (1)_____ (2)_⨯_ (3)_____ (4)_____ (5)_____ (6)_____, or None of the above _____

4.     Describe the **medical facts** which support your certification, including a brief statement as to how the medical facts meet the criteria of one of these categories: _Patient is depressed_

5.     a.     State the approximate **date** the condition commenced, and the probable **duration** of the condition (and also the probable duration of the patient's present incapacity[2] if different): _off work until 5/16/20_

       b.     Will it be necessary for the employee to take work only **intermittently or to work on a less than full schedule** as a result of the condition (including for treatment described in Item 6 below)? _____ _off work until 5/16/20_

    If yes, give the probable duration:

       c.     If the condition is a **chronic condition** (condition #4) or **pregnancy**, state whether the patient is presently incapacitated[2] and the like duration and frequency of **episodes of incapacity**[2]:

6.     a.     If additional **treatments** will be required for the condition, provide an estimate of the probably number of such treatments.

    If the patient will be absent from work or other daily **activities** because of **treatment** on an **intermittent** or **part-time** basis, also provide an estimate of the probable number and interval between such treatments, actual or estimated dates of treatment if known, and period required for recovery if any:

       b.     If any of these treatments will be provided by **another provider of health services** (e.g., physical therapist), please state the nature of the treatments:

       c.     If a **regimen of continuing treatment** by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, physical therapy requiring special equipment):

7.     a.     If medical leave is required for the employee's **absence from work** because of the **employee's own condition** (including absences due to pregnancy or a chronic condition), is the employee **unable to perform work of any kind?** _No work. Off work until 5/16/20_

       b.     If able to perform some work, is the employee **unable to perform any one or more of the essential functions of the employee's job** (the employee or the employer should supply you with information about the essential job functions)? _____. If yes, please list the essential functions the employee is unable to perform:

---

[1]Here and elsewhere on this form, the information sought relates **only** to the condition for which the employee is taking FMLA leave.

[2]"**Incapacity,**" for purpose of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom.

c.    If neither a nor b applies, is it necessary for the employee to be **absent from work for treatment**? _____

8.    a.    If leave is required to **care for a family member** of the employee with a serious health condition, **does the patient require assistance** for basic medical or personal needs or safety, or for transportation? _____

b.    If no, would the employee's presence to provide **psychological comfort** be beneficial to the patient or assist in the patient's recovery? _____

c.    If the patient will need care only **intermittently** or on a part-time basis, please indicate the probable duration of this need:

_____          _____
(Signature of Health Care Provider)          (Type of Practice)

1770 N. Orange Grove ave #101          (909) 469 9494
_____          _____
(Address)          (Telephone Number)
Pomona, Ca. 91767

**To be completed by the employee needing family leave to care for a family member:**

State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:

_____          _____
(Employee signature)          (Date)

2

A "**Serious Health Condition**" means an illness, injury, impairment, or physical or medical condition that involves one of the following:

1.   Hospital Care

**Inpatient care** (i.e. an overnight stay) in a hospital, hospice or residential medical care facility, including any period of incapacity[2] or subsequent treatment in connection with or consequent to such inpatient care.

2.   Absence Plus Treatment

   (a)  A period of incapacity[2] of **more than three consecutive calendar days** (including any subsequent treatment or period of incapacity[2] relating to the same condition), that also involves:

      (1) **Treatment**[3] **two or more times** by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or

      (2) **Treatment** by a health care provider on **at least one occasion** which results in a **regimen of continuing treatment**[4] under the supervision of the health care provider.

3.   Pregnancy

Any period of incapacity due to **pregnancy,** or for **prenatal care.**

4.   Chronic Conditions Requiring Treatments

A **chronic condition** which:

   (1) Requires **periodic visits** for treatment by a health care provider, or by a nurse or physician's assistant under direct supervision of a health care provider;

   (2) Continues over an **extended period of time** (including recurring episodes of a single underlying condition); and

   (3) May cause **episodic** rather than a continuing period of incapacity[2] (e.g., asthma, diabetes, epilepsy, etc.).

5.   Permanent/Long-term Conditions Requiring Supervision

   A period of **incapacity**[2] which is **permanent or long-term** due to a condition for which treatment may not be effective.  The employee or family member must be **under the continuing supervision or, but need not be receiving active treatment by, a health care provider.** Example include Alzheimer's, a severe stroke, or the terminal stages of a disease.

---

[3]Treatment includes examinations to determine if a serious health condition exists and evaluations of the condition.  Treatment does not include routine physical examinations, eye examinations, or dental examinations.

[4]A regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition.  A regimen of treatment does not include the taking of over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider.

6. <u>Multiple Treatments (Non-Chronic Conditions)</u>

Any period of absence to receive **multiple treatments** (including any period of recovery therefrom) by a health care provider or by a provider of health care services under orders of, or on referral by, a health care provider, either for **restorative surgery** after an accident or other injury, **or** for a condition that **would likely result in a period of incapacity[2] of more than three consecutive calendar days in the absence of medical intervention or treatment**, such as cancer (chemotherapy, radiation, etc.) sever arthritis (physical therapy), kidney disease (dialysis).

4

# EXHIBIT 6



# Family Medical Leave Instructions

## <u>Your Next Steps:</u>

1. Please complete the ***Application for Family Medical Leave*** and forward to the corporate office at your earliest convenience.  <u>You can mail to: 2600 Compass Road, Glenview, IL 60026  fax to: **847-730-2934, or** you can email to: LOA@Selectrehab.com</u> .

2. Please have your Physician complete the ***Certification of Health Care Provider*** form and forward to the corporate office by <u>     **4/24/20**     </u>.

3. The ***Designation Notice*** and the ***Notice of Eligibility and Rights & Responsibilities*** are for your information.  Please refer to them for deadline dates, premium payments, and PTO payouts.

4. **<u>When you are ready to return</u>**, please have your Physician complete the ***Fitness for Duty*** form and forward to the corporate office **prior** to your return to work date.

**<u>Please note:</u>**  The HR Department will pay out the balance of your **PTO** while on Leave. From that balance we will deduct the benefit premiums you will owe while you are off. If you do not have enough **PTO** to pay the owed premiums, we will send you an invoice for the balance.

Please feel free to contact the HR Department toll free at 877-787-3430 with additional questions or concerns.

**SELECT REHABILITATION, LLC.**
**APPLICATION FOR LEAVE**

Name: _Kimya Phillips_

Current Address: _14442 Pine Wood Street   Fontana, Ca. 92334_

Start Date of Anticipated Leave: _April 17th, 2020_

Expected Date of Return to Work: _May 28, 2020_

Reason for Leave (Explain): _Stress leave_

Signature: _Kimya Phillips (signature)_          Date: _4/23/2020_

_Kimya Phillips_          Date: _4/28/2020_
Print Name

# EXHIBIT 7

| | |
|---|---|
| **From:** | Lindsey Aldridge <laldridge@selectrehab.com> |
| **Sent:** | Thursday, April 23, 2020 3:08 PM |
| **To:** | Jennifer Hoff |
| **Cc:** | Ed Luberski |
| **Subject:** | RE: Kimya Phillips |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi Jennifer,
We can give her an additional week, we need her back to work 5/1.

**From:** Jennifer Hoff
**Sent:** Wednesday, April 22, 2020 8:28 AM
**To:** Lindsey Aldridge
**Cc:** Ed Luberski
**Subject:** Kimya Phillips

Hi Lindsey,
Kimya is needing to be off work until 5.16.20. Can you accommodate as she does not qualify for FMLA?
Thank you,

Jennifer Hoff
Human Resources
Select Rehabilitation, LLC
P: 847-441-5593 ext 163
F: 847-730-2934

Select000041

# EXHIBIT 8

**From:**              Leave Department <loa@selectrehab.com>
**Sent:**              Sunday, April 26, 2020 1:51 PM
**To:**                Kimya Phillips
**Subject:**           LOA Letter
**Attachments:**       Approved Extension Letter.doc

Good afternoon Kimya,
Please see the attached document.
Thank you,

Jennifer Hoff
Human Resources
Select Rehabilitation, LLC
P: 847-441-5593 ext 163
F: 847-730-2934

1

Select000035



April 26, 2020

Kimya Phillips
16462 Pine Wood St.
Fontana, CA 92508

Dear Kimya:

Our records indicate that you exhausted all your time off benefits on April 22, 2020.  On April 22, 2020, you informed us that you need more time off.

However, Select is willing to accommodate your request for time off by providing you with an unpaid personal leave of absence through April 30, 2020.  This leave extension will be granted on the assumption that you will be available to return to regular employment on May 1, 2020.  On May 1, 2020, you will be restored to your position to the extent possible.  However, it is important that you are aware that additional time off, if any, shall not be covered under Select Rehabilitation's FMLA Policy. You will not accrue PTO benefits or time toward seniority during your unpaid medical leave and you will be placed on Inactive Status.

Upon the expiration of the unpaid personal leave, you will be restored to your position to the extent possible and you are required to provide us with a *fitness-for-duty certificate* before you will be permitted to return to work.

You will receive a COBRA package from WageWorks.  If you wish to continue your health/dental/vision insurance complete the necessary paperwork and return to WageWorks.

If you have any questions, please feel free to contact me.

Sincerely,


Jennifer Hoff
Human Resources
Select Rehabilitation, LLC.

# EXHIBIT 9

| | |
|---|---|
| **From:** | Leave Department <loa@selectrehab.com> |
| **Sent:** | Friday, May 01, 2020 1:28 PM |
| **To:** | Kimya Phillips |
| **Subject:** | LOA Letter |
| **Attachments:** | LOA Letter.doc |

Good afternoon Kimya,

Per our conversation, please see the attached document.

Thank you,

Jennifer Hoff

Human Resources

Select Rehabilitation, LLC

P: 847-441-5593 ext 163

F: 847-730-2934

1

Select000037



May 1, 2020

Kimya Phillips
16462 Pine Wood St.
Fontana, CA 92508

Dear Kimya:

Our records indicate that you exhausted all your time off benefits on April 30, 2020.  On May 1, 2020, you informed Human Resources that you will need additional time off due to your medical circumstances.

Unfortunately, Select will not be able to hold your position and you will be terminated effective immediately.  However, please contact me as soon as you are able to return to work.  We will review our business needs at that time to determine if there is a position available that is mutually acceptable.

You will be able to continue your Medical, Dental, and Vision insurance with WageWorks, our COBRA provider.

If you have any questions, please feel free to contact me.

Sincerely,



Jennifer Hoff
Human Resources
Select Rehabilitation, LLC.

Select000038

# EXHIBIT 10



**CALIFORNIA EMPLOYEE SEPARATION STATUS CHANGE FORM**

| Clock #: | Employee Name (Last Name, First Name): | Discipline: | Status (FT, PT or PRN): |
|---|---|---|---|
| | Kimya Phillips | PTA | FT |

| Manager's Name: | What is the Employee's Last Date of Work: |
|---|---|
| Lindsey Aldridge | 3/25/20 |

| Primary Facility - Location City, State: |
|---|
| Rialto Post Acute, Riverside CA |

## TYPE OF SEPARATION

☐ **EMPLOYEE RESIGNATION**  (Please complete the following and please include a copy of the resignation letter):

DID EMPLOYEE GIVE NOTICE? ☐ YES ☐ NO    # of DAYS _____

☐ Another position                             ☐ Other
☐ Candidate withdrew acceptance                ☐ Quality of work
☐ Deceased                                     ☐ Relocation
☐ Pay/Benefits issue                           ☐ Retirement

**DOES EMPLOYEE WISH LAST CHECK TO BE MAILED OR DIRECT DEPOSITED?**

☐ Mail                              ☐ Direct Deposit

3 days prior, please send a copy of the Labor Log for any hours owed since the last pay period end date.
In addition, how many hours are projected for the employee's remaining day/s (base it on scheduled hours)? 0 ____
These two numbers will be combined for the employee's final check.  Any changes after this process will require a Protime Correction.

☐ *CONTRACT TERMINATION*  (Please complete the following):

LAST DATE OF CONTRACT? _____

■ **EMPLOYEE TERMINATION**  (You must contact Human Resources, and please complete the following):

☐ Background check                  ☐ No pay in 6 months
☐ Company rule violation            ☐ PRN – Not used recently-
☐ Compliance                        ☐ Reduction in force
☐ Failed to return from FMLA        ☐ Refused assignment/transfer
■ Failed to return from LOA         ☐ TB/Physical expired
☐ License expired                   ☐ Unsatisfactory performance
☐ No Call/No Show                   ☐ Contractor- Term

**THE EMPLOYEE'S LAST CHECK WILL BE OVERNIGHTED TO THE FACILITY FOR DELIVERY.**

Please attach a copy of the Labor Log for any hours owed since the last pay period end date.
In addition, how many hours are projected for the employee's remaining day/s (base it on scheduled hours)? 0 ____
These two numbers will be combined for the employee's final check.  Any changes after this process will require a Protime Correction.

## COMPLETE FOR

| MANAGER'S USE: | OFFICE USE: | | |
|---|---|---|---|
| **Company Materials Returned:** | | Bonuses _____ | Insurance Notification: |
| ☐ **Name Badge** | | Licenses/Expenses _____ | Health _____ |
| ☐ **Keys Returned** | | PTO Due _____ | Dental _____ |
| ☐ **Phone/Pager/Equipment** | | Direct Deposit Stopped _____ | Voluntary _____ |
| | | 401-K Notification Sent _____ | Cobra Notification Sent _____ |

**MANAGER'S SIGNATURE:** Lindsey Aldridge                    DATE 5/1/2020

Select000034

# EXHIBIT 11



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 2, 2021

Kimya Phillips
c/o 3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010

RE:     **Notice to Complainant**
          DFEH Matter Number: 202112-15535702
          Right to Sue: Phillips / Select Rehabilitation, LLC et al.

Dear Kimya Phillips:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 2, 2021

RE:    **Notice of Filing of Discrimination Complaint**
         DFEH Matter Number: 202112-15535702
         Right to Sue: Phillips / Select Rehabilitation, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 2, 2021

Kimya Phillips
c/o 3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202112-15535702
      Right to Sue: Phillips / Select Rehabilitation, LLC et al.

Dear Kimya Phillips:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 2, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5

Kimya Phillips                                                    DFEH No. 202112-15535702

6

                                        Complainant,

7

vs.

8

Select Rehabilitation, LLC
1471 S Riverside Avenue

9

Rialto, CA 92376

10

Select Rehabilitation
1471 S Riverside Avenue

11

Rialto, CA 92376

12

Rialto Post Acute
1471 S Riverside Avenue

13

Rialto, CA 92376

14

Select Rehabilitation LLC
1471 S Riverside Avenue

15

Rialto, CA 92376

16

Rialto Post Acute Care Center
1471 S Riverside Avenue

17

Rialto, CA 92376

18

Rialto Post Acute Center
1471 S Riverside Avenue

19

Rialto, CA 92376

20

Select Rehabilitation, LLC
2600 Compass Road

21

Glenview, CA 60026

22

Lindsey Aldridge
1471 S Riverside Avenue

23

Rialto, CA 92376

24

25

Jennifer Hoff

26

-1-

*Complaint – DFEH No. 202112-15535702*

27

Date Filed: December 2, 2021

28

DFEH-ENF 80 RS

1471 S Riverside Avenue
Rialto, CA 92376

Cesar Ciruela
1471 S Riverside Avenue
Rialto, CA 92376

Respondent's agent for service of process: CT Corporation System
330 N Brand Blvd. Suite 700
Glendale, CA 91203

Respondents

_____

**1.** Respondent **Select Rehabilitation, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Select Rehabilitation** business as Co-Respondent(s).
Complainant is naming **Rialto Post Acute** business as Co-Respondent(s).
Complainant is naming **Select Rehabilitation LLC** business as Co-Respondent(s).
Complainant is naming **Rialto Post Acute Care Center** business as Co-Respondent(s).
Complainant is naming **Rialto Post Acute Center** business as Co-Respondent(s).
Complainant is naming **Select Rehabilitation, LLC** business as Co-Respondent(s).
Complainant is naming **Lindsey Aldridge** individual as Co-Respondent(s).
Complainant is naming **Jennifer Hoff** individual as Co-Respondent(s).
Complainant is naming **Cesar Ciruela** individual as Co-Respondent(s).
Complainant is naming **Respondent's agent for service of process: CT Corporation System** business as Co-Respondent(s).

**3.** Complainant **Kimya Phillips**, resides in the City of **Los Angeles,** State of **CA.**

**4.** Complainant alleges that on or about **May 1, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over), other, family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over), other, family care or medical leave (cfra) and as a result of the discrimination was terminated, laid off, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied family care or medical leave (cfra).

Date Filed: December 2, 2021

DFEH-ENF 80 RS

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, laid off, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Additional Complaint Details:** Complainant was harassed, discriminated against, retaliated against, Respondents failed to prevent harassment, discrimination and retaliation. Respondents, their agents, joint employers, principals subsidiaries, principals and alter egos, and Does 1 through 100, whose identity is known to respondents, harassed, discriminated and retaliated against complainant and subjected complainant to disparate treatment and disparate impact discrimination. Complainant was a member of a protected class, was associated with a member of a protected class, was perceived to be a member of a protected class, was associated with a member of a protected class, and respondents' mistreatment of complainant was in violation of FEHA, Government Code, 12926, and 12940 et seq. The harassment, discrimination and retaliation were continuing until respondents fired Complainant. Respondents failed to investigate, prevent or remedy the harassment, discrimination or retaliation.

Complainant reserves the right to name any later discovered managing agents, supervisors, alter egos, joint employers, principals, agents, subsidiaries or parent corporations upon discovery of their identity as additional Respondents. It is believed that Respondents had a pattern and practice of harassment, discrimination, and retaliation and that information is also within the Respondents control at this time and would not be available to complainant until after a lawsuit is filed. Complainant therefore puts respondents on notice that they should investigate other employees as well and whether there was widespread discrimination. The actions were illegal and done with malice, oppression and fraud in knowing violation of the law. Complainant and others will seek all damages, including loss of earnings, loss of career, emotional harm, attorneys fee and punitive damages. Complainant requests all evidence be preserved and that Respondents conduct a complete and thorough investigation and take immediate corrective action.

Complainant worked as Physical Therapist Assistant for Respondents. Throughout Complainant's employment she was subjected to harassment and discrimination on the basis of her disability. Complainant suffered from a medical condition that that required accommodations. Rather than engage in the interactive process, Respondents wrongfully terminated Complainant's employment. The actions were illegal and done with malice, oppression and fraud in knowing violation of the law. Complainant and others will seek all damages, including loss of earnings, loss of career, emotional harm, attorneys fee and punitive damages. Complainant requests all evidence be preserved and that Respondents conduct a complete and thorough investigation and take immediate corrective action.

-3-

*Complaint – DFEH No. 202112-15535702*

Date Filed: December 2, 2021

DFEH-ENF 80 RS

VERIFICATION

I, **Nathan Kingery**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On December 2, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles CA**

-4-

*Complaint – DFEH No. 202112-15535702*

Date Filed: December 2, 2021

DFEH-ENF 80 RS